1  KEKER & VAN NEST, LLP
   JON B. STREETER - #101970
2  KHARI J. TILLERY - #215669
   ROSE DARLING - #243893
3  ANDREW N. SHEN - #232499
   710 Sansome Street
4  San Francisco, CA 94111-1704
   Telephone:    (415) 391-5400
5  Facsimile:    (415) 397-7188

6  LAWYERS' COMMITTEE FOR CIVIL RIGHTS
   ROBERT RUBIN #85084
7  131 Steuart St., Suite 400
   San Francisco, CA 94105
8  Telephone:    (415) 543-9444
   Facsimile:    (415) 543-0296
9
   Attorneys for Plaintiff
10 RAGHBIR SINGH

11                          **E-filing**

12                 UNITED STATES DISTRICT COURT           **EDL**

13                 NORTHERN DISTRICT OF CALIFORNIA

14                        **C   07   2997**

15 RAGHBIR SINGH,                       Case No.

16                          Plaintiff,   **COMPLAINT FOR DAMAGES**

17      v.
                                        DEMAND FOR JURY TRIAL
18 LINDA G. HAUSER, NATIONAL
   COMMAND LINK NETWORK 20, AND
19 DOES 1-25

20                          Defendants.

21

22

23

24

25

26

27

28

392238.03

1    Plaintiff Raghbir Singh alleges as follows:

2                    **JURISDICTION AND PREREQUISITES TO SUIT**

3          1.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. §

4    1343(a)(4), and 28 U.S.C. § 1367. This action arises under the First Amendment to the

5    Constitution of the United States, the Religious Freedom Restoration Act, (42 U.S.C. § 2000bb

6    *et seq.*), Title VII, (42 U.S.C. § 2000e *et seq.*), and the California Fair Employment and Housing

7    Act (Cal. Gov. Code § 12900 *et seq.*), as hereinafter more fully appears.

8          2.      Mr. Singh has satisfied all of the procedural and administrative requirements set

9    forth in Section 706 of Title VII (42 U.S.C. § 2000e-5), in particular:

10         (a)     Mr. Singh filed a timely Charge of Discrimination with the United States Equal

11   Employment Opportunity Commission ("EEOC") on August 24, 2006;

12         (b)     Mr. Singh received a "Notice of Right to Sue" from the EEOC on March 15,

13   2007; and

14         (c)     The Complaint in this matter is being filed within ninety (90) days of receipt of

15   the Notice of Right to Sue provided to Plaintiff.

16                                         **VENUE**

17         3.      Venue is proper in the Northern District of California pursuant to 28 U.S.C.

18   §1391(b) and 42 U.S.C. § 2000e-5(f)(3).

19                            **INTRADISTRICT ASSIGNMENT**

20         4.      Venue in this action is proper in the District of San Francisco pursuant to Local

21   Rule 3-2(c) and General Order 44.

22                                     **THE PARTIES**

23         5.      Plaintiff, RAGHBIR SINGH, is a legal permanent resident of the United States.

24   Mr. Singh is a member of the Sikh faith. As a Sikh, he has a sincerely held religious belief that

25   he may not cut his hair, including his facial hair, and must wear a turban on his head. These

26   practices are required by his religious faith. From approximately October 1 through October 31,

27   2005, Mr. Singh was employed by defendant National Command Link Network 20 ("NCLN20")

28   as a General Services Administration Guard II ("GSA Guard II").

392238.03

1    6.    The Office of Federal Protective Service ("FPS") was at all times mentioned

2    herein a division of the U.S. Immigration and Customs Enforcement ("ICE"), which was

3    established in March 2003 as part of the Department of Homeland Security ("DHS"), organizing

4    and existing under the laws of the United States (collectively, "DHS-FPS"). Plaintiff is informed

5    and believes that DHS-FPS maintains a field office in San Francisco, California.

6    7.    At all relevant times herein, defendant LINDA G. HAUSER was the contract

7    guard program manager for DHS-FPS.

8    8.    At all relevant times herein, defendant National Command Link Network 20

9    ("NCLN20") was a private security company. Upon information and belief, NCLN20 provides

10   security guard, dispatch, and telecommunication services to United States federal government

11   agencies, state government agencies, public utilities, and private industry. Plaintiff is informed

12   and believes that NCLN20's corporate headquarters is located in Concord, California.

13   9.    At all relevant times herein, defendants DOES 1-25 (also referred to hereinafter as

14   the "DOE defendants"), each of whom Plaintiff sues in their individual capacities, were agents,

15   employees, and or otherwise representatives DHS-FPS, other federal agencies, state agencies,

16   local government agencies, and/or private actors acting in their individual capacities. Plaintiff

17   and/or his representatives have undertaken reasonable and diligent efforts to ascertain the true

18   identities of DOES 1-25, but, despite such efforts, Plaintiff is presently unaware of the true

19   identities of defendants DOES 1 through 25, inclusive, and Plaintiff therefore, sues each such

20   defendant by a fictitious name. Upon information and belief, Mr. Singh alleges that DOES 1

21   through 25, inclusive, are legally responsible for the wrongs committed against Plaintiff, as

22   alleged herein. When Plaintiff becomes aware of the true identities of one or more DOE

23   defendants, Plaintiff will amend his complaint to add or substitute them as named defendants.

24                                  **FACTS GIVING RISE TO CLAIM**

25   10.   Raghbir Singh is a member of the Sikh faith. As a Sikh, he has a sincerely held

26   religious belief that he may not cut his hair, including his facial hair, and must wear a turban on

27   his head. These practices are required by his religious faith.

28   11.   From approximately March 2004 through September 2005, Mr. Singh worked as

1  a security guard with a private security company, AmeriGuard Security Inc. ("AmeriGuard").

2  For the first eleven months of his employment with AmeriGuard, Mr. Singh was assigned to

3  guard various private commercial facilities.

4        12.    In approximately February 2005, Mr. Singh requested that he be placed in a more

5  desirable employment position with AmeriGuard as a GSA Guard II, guarding United States

6  government facilities. Upon information and belief, this position was available pursuant to a

7  contract between NCLN20 and the United States government, which had been subcontracted to

8  AmeriGuard. Mr. Singh was told that the GSA Guard II position offered better pay, increased

9  benefits, safer conditions, and more desirable day-time shifts than did his current position. Upon

10  information and belief, Mr. Singh was trained for the GSA Guard II position in accordance with

11  DHS-FPS regulations.

12        13.    After requesting the transfer to a GSA Guard II post, Mr. Singh was informed that

13  DHS-FPS had written appearance and grooming policies that required male employees to be

14  clean-shaven and that prohibited unauthorized headgear (*i.e.*, headgear that was not issued by

15  DHS-FPS).

16        14.    Mr. Singh was later told by an AmeriGuard executive that he could only transfer

17  to the GSA Guard II position if he trimmed his beard and replaced his turban with a scarf and

18  baseball cap. Plaintiff is informed and believes that these specific conditions were mandated by

19  DHS-FPS officials, including but not limited to defendant Hauser, during a meeting with the

20  same AmeriGuard executive. Under duress, Mr. Singh reluctantly agreed to these conditions.

21        15.    Upon information and belief, NCLN20 terminated its subcontract with

22  AmeriGuard on October 1, 2005 and assumed the duties under its contract with the government.

23  Mr. Singh was initially retained by NCLN20 as a GSA Guard II—the same position he had held

24  with AmeriGuard.

25        16.    At an NCLN20 orientation session, NCLN20 supervisor Kyle Salas informed Mr.

26  Singh that he would have to shave his beard completely if he wanted to keep his job. Mr. Salas

27  explained that Mr. Singh could not continue to wear a beard under the DHS-FPS appearance and

28  grooming policy. Mr. Singh refused and told Mr. Salas that shaving his beard was prohibited by

3

1  his religious beliefs.

2      17.    On October 26, 2005, defendant Hauser sent a letter to NCLN20 advising the

3  company that Mr. Singh had to comply with the DHS-FPS appearance and grooming policy or

4  he would be terminated because his religiously-mandated turban and beard violated DHS-FPS

5  appearance and grooming policies.

6      18.    On October 31, 2005, Mr. Salas sent a letter to Mr. Singh explaining that he was

7  being terminated due to his refusal to comply with the DHS-FPS appearance and grooming

8  policy.

9      19.    On July 9, 2006, Mr. Singh again applied for a position with NCLN20 as a GSA

10  Guard II. In response to an email from Mr. Singh regarding his application, Kyle Salas stated

11  that NCLN20 would not (and could not) hire Mr. Singh because his religious practices conflict

12  with the federal government's appearance and grooming policy.

13      20.    On April 2, 2007, shortly after Mr. Singh's counsel notified the Department of

14  Homeland Security that it would be filing a lawsuit in this matter, Immigration and Customs

15  Enforcement told counsel that it was implementing an interim policy, effective immediately,

16  amending FPS contract security guard grooming standards to allow for religious accommodation

17  of turbans and unshorn hair and beards.

18

19                          **FIRST CLAIM FOR RELIEF**
      **(Violation of the First Amendment to the Constitution of the United States of America)**
20                  **(Against Defendants Linda G. Hauser and Does 1-25)**

21      21.    Mr. Singh repeats and realleges each and every allegation set forth in the

22  preceding paragraphs of the Complaint as if fully set forth herein.

23      22.    At all relevant times, defendants Linda G. Hauser and DOES 1-25 were acting

24  under color of federal law.

25      23.    The First Amendment to the United States Constitution provides that there shall

26  be no prohibition upon the free exercise of religion.

27      24.    By implementing, carrying out, and/or enforcing the DHS-FPS appearance and

28

                                          4

1   grooming policy, defendants Linda G. Hauser and DOES 1-25 violated Mr. Singh's rights under

2   the First Amendment to the United States Constitution.

3       25.    Defendants' conduct violated clearly established constitutional and other rights of

4   which defendants knew, or which a reasonable public official should have known.

5       26.    By implementing, carrying out, and enforcing the DHS-FPS appearance and

6   grooming policy, defendants engaged in a course of conduct, practice and policy designed to and

7   having the effect of chilling, deterring, preventing, and inhibiting Plaintiff in the free exercise of

8   religion under the First Amendment to the United States Constitution. Defendants' actions,

9   practice, and policy set forth above violate Plaintiff's rights under the First Amendment to the

10  United States Constitution to the free exercise of religion.

11      27.    As a direct and proximate cause of defendant's actions, Plaintiff has been harmed.

12  His harm includes, but is not limited to, being denied the freedom to practice and observe his

13  religion.

14

15  **SECOND CLAIM FOR RELIEF**

**(Violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq*. ("RFRA"))**

16  **(Against Defendants Linda G. Hauser and Does 1-25)**

17

18      28.    Mr. Singh repeats and realleges each and every allegation set forth in the

19  preceding paragraphs of the Complaint as if fully set forth herein.

20      29.    At all relevant times, defendants Linda G. Hauser and DOES 1-25 were acting

21  under color of federal law.

22      30.    Congress passed the Religious Freedom Restoration Act ("RFRA") in 1993 to

23  prevent government from burdening the free exercise of religion unless it had a compelling

24  interest in doing so and it accomplished its goal by the least restrictive means.

25      31.    As a Sikh, Mr. Singh holds a sincere religious belief that he may not cut his hair

26  and must wear a turban on his head.

27      32.    By implementing, carrying out, and/or enforcing the DHS-FPS appearance and

28  grooming policy, defendants Linda G. Hauser and DOES 1-25 engaged in a course of conduct,

practice, and policy designed to and having the effect of substantially burdening Plaintiff's exercise of religion.

33. As a direct and proximate cause of defendants' actions, Plaintiff has been harmed. His harm includes, but is not limited to, being denied the freedom to practice and observe his religion.

**<u>THIRD CLAIM FOR RELIEF</u>**
**(Violation of Title VII, 42 U.S.C. § 2000e *et seq*. – Failure to Accommodate)**
**(Against Defendant NCLN20)**

34. Mr. Singh repeats and realleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

35. Mr. Singh has a *bona fide* religious belief as a member of the Sikh religion in wearing a turban and maintaining uncut hair.

36. Mr. Singh informed defendant NCLN20 of his religious belief in wearing a turban and maintaining uncut hair.

37. NCLN20's repeated directive that Mr. Singh would not be permitted to wear a turban or maintain uncut hair while performing his job duties as a Security Guard directly conflicted with the practice of his religious beliefs.

38. Mr. Singh has suffered adverse employment consequences as a direct and proximate result of NCLN20's discriminatory and malicious conduct towards him.

39. NCLN20's conduct towards Mr. Singh constitutes illegal discrimination as proscribed by 42 U.S.C. § 2000e.

40. As a direct and proximate result of NCLN20's improper and illegal conduct, Mr. Singh has been harmed. His harm includes, but is not limited to, being denied the freedom to practice and observe his religion.

1

2

### FOURTH CLAIM FOR RELIEF
**(Violation of Title VII, 42 U.S.C. § 2000e *et seq*. – Disparate Impact)**
**(Against Defendant NCLN20)**

3      41.    Mr. Singh repeats and realleges each and every allegation set forth in the

4    preceding paragraphs of the Complaint as if fully set forth herein.

5      42.    Mr. Singh was employed by defendant NCLN20 as a GSA Guard II for

6    approximately one month.  He remains fully qualified for that position and has effectively

7    performed his job duties in the course of his employment.

8      43.    NCLN20's adverse conduct towards Mr. Singh, as described herein, has had an

9    unjustified, adverse and disparate impact on Mr. Singh as a member of the Sikh religion, and

10    constitutes illegal discrimination as proscribed by 42 U.S.C. § 2000e.

11      44.    As a direct and proximate result of NCLN20's improper and illegal conduct, Mr.

12    Singh has been harmed.  His harm includes, but is not limited to, being denied the freedom to

13    practice and observe his religion.

14

15

### FIFTH CLAIM FOR RELIEF
**(Violation of the California Fair Employment and Housing Act, Cal. Gov. Code § 12900 *et***
***seq*. – Failure to Accommodate)**
**(Against Defendant NCLN20)**

16

17

18      45.    Mr. Singh repeats and realleges each and every allegation set forth in the

19    preceding paragraphs of the Complaint as if fully set forth herein.

20      46.    Mr. Singh has a *bona fide* religious belief as a member of the Sikh religion in

21    wearing a turban and maintaining uncut hair.

22      47.    Mr. Singh informed defendant NCLN20 of his religious belief in wearing a turban

23    and maintaining uncut hair.

24

25      48.    NCLN20's repeated directive that Mr. Singh would not be permitted to wear a

26    turban or maintain uncut hair while performing his job duties as a Security Guard directly

27    conflicted with the practice of his religious beliefs.

28      49.    Mr. Singh has suffered adverse employment consequences as a direct and

7

1 proximate result of NCLN20's discriminatory and malicious conduct towards him.

2     50.    NCLN20's conduct towards Mr. Singh constitutes illegal discrimination as

3 proscribed by Cal. Gov. Code § 12900.

4     51.    As a direct and proximate result of NCLN20's improper and illegal conduct, Mr.

5 Singh has been harmed. His harm includes, but is not limited to, being denied the freedom to

6 practice and observe his religion.

7

8                            **SIXTH CLAIM FOR RELIEF**
      **(Violation of the California Fair Employment and Housing Act, Cal.**

9           **Gov. Code § 12900 *et seq.* – Disparate Impact)**
                    **(Against Defendant NCLN20)**

10

11     52.    Mr. Singh repeats and realleges each and every allegation set forth in the

12 preceding paragraphs of the Complaint as if fully set forth herein.

13     53.    Mr. Singh was employed by defendant NCLN20 as a GSA Guard II for

14 approximately one month. He remains fully qualified for that position and has effectively

15 performed his job duties in the course of his employment.

16     54.    NCLN20's adverse conduct towards Mr. Singh, as described herein, has had an

17 unjustified, adverse and disparate impact on Mr. Singh as a member of the Sikh religion, and

18 constitutes illegal discrimination as proscribed by Cal. Gov. Code § 12900.

19     55.    As a direct and proximate result of NCLN20's improper and illegal conduct, Mr.

20 Singh has been harmed. His harm includes, but is not limited to, being denied the freedom to

21 practice and observe his religion.

22

23                                   **PRAYER**

24     WHEREFORE, Mr. Singh prays that judgment be entered in his favor and the following

25 relief be granted against Linda G. Hauser, NCLN20, and DOES 1-25:

26     1.    Compensatory and general damages against all defendants and each of them for

27 Singh in an amount to be determined according to proof;

28     2.    Punitive and exemplary damages against all defendants and each of them in an

1  amount to be determined according to proof;

2       3.      Costs, expenses, and reasonable attorneys' fees in an amount to be determined

3  according proof;

4       4.      Such other relief as the Court may deem just and proper.

5

6  Dated: June 8, 2007                              KEKER & VAN NEST, LLP

7

8

9                                       By:    _____

10                                             KHARI J. TILLERY
                                               Attorneys for Plaintiff
11                                             RAGHBIR SINGH

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          9
                                COMPLAINT FOR DAMAGES

1    **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands a trial by jury on all issues so triable.

3    Dated: June 8, 2007                           KEKER & VAN NEST, LLP

4

5                                                  By:

6                                                  KHARI J. TILLERY
                                                   Attorneys for Plaintiff
7                                                  RAGHBIR SINGH

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

392238.03