PILLSBURY WINTHROP SHAW PITTMAN LLP
THOMAS N. MAKRIS   #104668
  tmakris@pillsburylaw.com
BENJAMIN L. WEBSTER   #132230
  benjamin.webster@pillsburylaw.com
DARCY L. MUILENBURG   #233787
  darcy.muilenburg@pillsburylaw.com
400 Capitol Mall, Suite 1700
Sacramento, CA  95814-4419
Telephone: (916) 329-4700
Facsimile: (916) 441-3583

Attorneys for Defendant
NCLN20, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| RAGHBIR SINGH,<br>　　　　　Plaintiff,<br>vs.<br>LINDA G. HAUSER, NATIONAL COMMAND LINK NETWORK 20 AND DOES 1-25,<br>　　　　　Defendants.<br>────────────────────────<br>NATIONAL COMMAND LINK NETWORK 20 AND DOES 1-25,<br>　　　　　Cross-Complainants,<br>vs.<br>LINDA G. HAUSER,<br>　　　　　Cross-Defendant. | No. C 07 2997 EDL<br><br>ANSWER TO COMPLAINT FOR DAMAGES<br><br>Jury Trial Demanded |

In response to the facts alleged in the Complaint for Damages ("Complaint") on file herein, Defendant NATIONAL COMMAND LINK NETWORK 20 ("NCLN20") admits, denies and alleges as follows:

1.     1.     In answer to Paragraph 1 of the Complaint, NCLN20 admits the allegations therein.

2.     2.     In answer to Paragraph 2 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

3.     3.     In answer to Paragraph 3 of the Complaint, NCLN20 admits the allegations therein.

4.     4.     In answer to Paragraph 4 of the Complaint, NCLN20 admits the allegations therein.

5.     5.     In answer to Paragraph 5 of the Complaint, NCLN20 admits that Plaintiff was employed by NCLN20 for a period of time in October of 2005 as a GSA Guard II. Except as so admitted, NCLN20 lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and on that basis denies each and every allegation therein.

6.     6.     In answer to Paragraph 6 of the Complaint, NCLN20 admits the allegations therein.

7.     7.     In answer to Paragraph 7 of the Complaint, NCLN20 admits the allegations therein.

8.     8.     In answer to Paragraph 8 of the Complaint, NCLN20 admits the allegations therein.

9.     9.     In answer to Paragraph 9 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

10.     10.     In answer to Paragraph 10 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

11.     11.     In answer to Paragraph 11 of the Complaint, NCLN20 admits that Plaintiff was employed by AmeriGuard as a GSA Guard II prior to NCLN20 assuming the duties of

Contract GS-09P-01-NZD-005, the contract under which Plaintiff worked. Except as so admitted, NCLN20 lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and on that basis denies each and every allegation therein.

12. In answer to Paragraph 12 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

13. In answer to Paragraph 13 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

14. In answer to Paragraph 14 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

15. In answer to Paragraph 15 of the Complaint, NCLN20 admits the allegations therein.

16. In answer to Paragraph 16 of the Complaint, NCLN20 lacks sufficient information to form a belief as to the truth thereof and on that basis denies each and every allegation therein. However, NCLN20 admits that various oral and written communications occurred in October of 2005, the gist of which were:

- Plaintiff requested that he be allowed, as a religious accommodation, to wear a beard and mustache while working in federal facilities serviced by NCLN20 under Contract GS-09P-01-NZD-005.
- NCLN20 had no objection to Plaintiff's request; passed the request on to the DHS and advised DHS that failure to agree to this request could be contrary to state and federal laws regarding religious accommodation.
- DHS advised NCLN20 that no exception would be made for Plaintiff and NCLN20 was <u>required</u> to remove Plaintiff from the contract unless he shaved and otherwise complied with grooming and uniform regulations.

1  17. In answer to Paragraph 17 of the Complaint, NCLN20 admits the allegations therein.

2  18. In answer to Paragraph 18 of the Complaint, NCLN20 admits the allegations therein.

3  19. In answer to Paragraph 19 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

4  20. In answer to Paragraph 20 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

5  21. In answer to Paragraph 21 of the Complaint, NCLN20 hereby incorporates and re-alleges, as if fully set forth herein, Paragraphs 1 through 20 of this Answer.

6  22. In answer to Paragraph 22 of the Complaint, NCLN20 admits the allegations therein.

7  23. In answer to Paragraph 23 of the Complaint, NCLN20 denies that the paragraph accurately quotes the First Amendment to the United States Constitution.

8  24. In answer to Paragraph 24 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

9  25. In answer to Paragraph 25 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

10  26. In answer to Paragraph 26 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

11  27. In answer to Paragraph 27 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

28. In answer to Paragraph 28 of the Complaint, NCLN20 hereby incorporates and re-alleges, as if fully set forth herein, Paragraphs 1 through 27 of this Answer.

29. In answer to Paragraph 29 of the Complaint, NCLN20 admits the allegations therein.

30. In answer to Paragraph 30 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

31. In answer to Paragraph 31 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

32. In answer to Paragraph 32 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

33. In answer to Paragraph 33 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

34. In answer to Paragraph 34 of the Complaint, NCLN20 hereby incorporates and re-alleges, as if fully set forth herein, Paragraphs 1 through 33 of this Answer.

35. In answer to Paragraph 35 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

36. In answer to Paragraph 36 of the Complaint, NCLN20 admits that Plaintiff stated that he wore a turban and maintained facial hair because of his religious beliefs. Except as so admitted, NCLN20 lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and on that basis denies each and every allegation therein.

37. In answer to Paragraph 37 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every

1 allegation therein. In further response to Paragraph 37 of the Complaint, NCLN20 alleges that it merely acted as a conduit, communicating a directive from the federal government, when it informed Plaintiff that he would not be allowed to continue working at federal facilities unless he agreed not to wear a turban and to shave.

38. In answer to Paragraph 38 of the Complaint, NCLN20 denies that its conduct was discriminatory or malicious. In further response to Paragraph 38 of the Complaint, NCLN20 alleges that it was required by the federal government to remove Plaintiff from work under Contract GS-09P-01-NZD-005 and that it had no other positions in the area for which Plaintiff was qualified. Except as admitted, alleged and denied above, NCLN20 lacks information sufficient to form a belief as to the truth of the allegation in Paragraph 38 of the Complaint and on that basis denies each and every allegation therein.

39. In answer to Paragraph 39 of the Complaint, NCLN20 denies each and every allegation therein.

40. In answer to Paragraph 40 of the Complaint, NCLN20 denies each and every allegation therein.

41. In answer to Paragraph 41 of the Complaint, NCLN20 hereby incorporates and re-alleges, as if fully set forth herein, Paragraphs 1 through 40 of this Answer.

42. In answer to Paragraph 42 of the Complaint, NCLN20 admits that Plaintiff was employed by NCLN20 as a GSA Guard II for approximately one month and that he effectively performed his job duties. Except as so admitted, NCLN20 denies each and every allegation therein.

43. In answer to Paragraph 43 of the Complaint, NCLN20 denies each and every allegation therein. In further response to Paragraph 43 of the Complaint, NCLN20 alleges that it was required by the federal government to remove Plaintiff from work under Contract GS-09P-01-NZD-005 and that it had no other positions in the area for which Plaintiff was qualified.

44. In answer to Paragraph 44 of the Complaint, NCLN20 denies each and every allegation therein.

45. In answer to Paragraph 45 of the Complaint, NCLN20 hereby incorporates and re-alleges, as if fully set forth herein, Paragraphs 1 through 44 of this Answer.

46. In answer to Paragraph 46 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein.

47. In answer to Paragraph 47 of the Complaint, NCLN20 admits that Plaintiff stated that he wore a turban and maintained facial hair because of his religious beliefs. Except as so admitted, NCLN20 lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and on that basis denies each and every allegation therein.

48. In answer to Paragraph 48 of the Complaint, NCLN20 lacks information sufficient to form a belief as to the truth thereof and on that basis denies each and every allegation therein. In further response to Paragraph 48 of the Complaint, NCLN20 alleges that it merely acted as a conduit, communicating a directive from the federal government, when it informed Plaintiff that he would not be allowed to continue working at federal facilities unless he agreed not to wear a turban and to shave.

49. In answer to Paragraph 49 of the Complaint, NCLN20 denies that its conduct was discriminatory or malicious. In further response to Paragraph 49 of the Complaint, NCLN20 alleges that it was required by the federal government to remove Plaintiff from work under Contract GS-09P-01-NZD-005 and that it had no other positions in the area for which Plaintiff was qualified. Except as admitted, alleged and denied above, NCLN20 lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and on that basis denies each and every allegation therein.

50. In answer to Paragraph 50 of the Complaint, NCLN20 denies each and every allegation therein.

51. In answer to Paragraph 51 of the Complaint, NCLN20 denies each and every allegation therein.

52. In answer to Paragraph 52 of the Complaint, NCLN20 hereby incorporates

1 and re-alleges, as if fully set forth herein, Paragraphs 1 through 51 of this Answer.

2     53. In answer to Paragraph 53 of the Complaint, NCLN20 admits that Plaintiff was employed by NCLN20 as a GSA Guard II for approximately one month and that he effectively performed his job duties. Except as so admitted, NCLN20 denies each and every allegation therein.

    54. In answer to Paragraph 54 of the Complaint, NCLN20 denies each and every allegation therein. In further response to Paragraph 54 of the Complaint, NCLN20 alleges that it was required by the federal government to remove Plaintiff from work under Contract GS-09P-01-NZD-005 and that it had no other positions in the area for which Plaintiff was qualified.

    55. In answer to Paragraph 55 of the Complaint, NCLN20 denies each and every allegation therein.

## AFFIRMATIVE DEFENSES

Without admitting that it carries the burden of proof as to any of the issues listed below, NCLN20 alleges the following separate and independent affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

    56. The Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against NCLN20.

### SECOND AFFIRMATIVE DEFENSE
(Waiver and/or Estoppel)

    57. The Complaint, and each and every cause of action contained therein, is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE
(Justification or Privilege)

    58. NCLN20 acted with legitimate business justification or was privileged to act as it did.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

59. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff failed to timely exhaust his administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

60. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff failed to file within the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

61. The Complaint, and each and every cause of action contained therein, is barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Mitigation)

62. Plaintiff's claims for compensatory damages must be reduced to the extent that Plaintiff has mitigated his damages though other employment or otherwise.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

63. Plaintiff's claims for compensatory damages must be reduced by the amount of any damages or injury Plaintiff could have avoided through reasonable effort and diligence.

## NINTH AFFIRMATIVE DEFENSE
### (Punitive Damages Unconstitutional)

64. Although NCLN20 denies that it has committed, or has responsibility for, any act that could support the recovery of punitive or exemplary damages in this lawsuit, if and to the extent any such act is found, recovery of punitive and exemplary damages against Defendant would violate NCLN20's rights guaranteed under the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, sections 7, 9,

10, 15, and 17, of the California Constitution, and Article IV, sections 2 and 16, of the California Constitution.

### TENTH AFFIRMATIVE DEFENSE
(*Bona Fide* Occupational Qualification)

65. It is a *bona fide* occupational qualification for employment in the position of GSA Guard II by a private contractor at a federal facility that an individual not be barred by the DHS from work under the contract. At all times relevant hereto, Plaintiff did not meet this *bona fide* occupational qualification.

### ELEVENTH AFFIRMATIVE DEFENSE
(Fault of Plaintiff or Third Parties)

66. Any damage or loss that Plaintiff has alleged was proximately caused or contributed to by the conduct of Plaintiff and/or third parties.

### TWELFTH AFFIRMATIVE DEFENSE
(Government Contractor Immunity)

67. With respect to all matters relevant hereto, NCLN20 was operating under contract with the federal government and was acting as an agent of the federal government. All actions alleged in the complaint were taken at the express instruction of the federal government. Specifically, (1) DHS required NCLN20 to terminate Plaintiff from the contract; (2) NCLN20 acted in conformance with DHS's requirements; and (3) NCLN20 warned DHS that its requirements could result in a violation of Plaintiff's rights. NCLN20 is therefore immune from liability for the acts alleged in the complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Further Affirmative Defenses)

68. NCLN20 presently has insufficient knowledge or information upon which to form a belief as to whether NCLN20 may have other, as yet unstated, affirmative defenses available. Therefore, NCLN20 reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

1  WHEREFORE, NCLN20 prays for judgment against Plaintiff as follows:

2     1.   That Plaintiff take nothing by way of his Complaint;

3     2.   That the claims alleged against NCLN20 be dismissed;

4     3.   That judgment be entered in favor of NCLN20;

5     4.   That NCLN20 recover all of its costs and expenses incurred in this action, including attorney's fees to the extent allowed; and

7     5.   For such other and proper relief as the Court deems just and proper.

Dated: August 7, 2007.

> PILLSBURY WINTHROP SHAW PITTMAN LLP
> THOMAS N. MAKRIS
> BENJAMIN L. WEBSTER
> DARCY L. MUILENBURG
> 400 Capitol Mall
> Suite 1700
> Sacramento, CA 95814-4419
>
> By /s/ Darcy L. Muilenburg
>     Darcy L. Muilenburg
>     Attorneys for Defendant
>     NCLN 20, INC.

Defendant and Cross-complainant NCLN20 hereby makes demand for a jury trial in this matter.

> PILLSBURY WINTHROP SHAW PITTMAN LLP
> THOMAS N. MAKRIS
> BENJAMIN L. WEBSTER
> DARCY L. MUILENBURG
> 400 Capitol Mall
> Suite 1700
> Sacramento, CA 95814-4419
>
> By /s/ Darcy L. Muilenburg
>     Darcy L. Muilenburg
>     Attorneys for Defendant
>     NCLN 20, INC.

1  Docket No. C 07 2997 EDL

2  PROOF OF SERVICE BY MAIL

3  I, Deborah Johansen-Cook, the undersigned, hereby declare as follows:

4  1.  I am over the age of 18 years and am not a party to the within cause. I am
5  employed by Pillsbury Winthrop Shaw Pittman LLP in the City of Sacramento, California.

6  2.  My business address is 400 Capitol Mall, Suite 1700, Sacramento, CA
7  95814-4419.

8  3.  On August 7, 2007, I served a true copy of the attached document(s) titled
9  exactly ANSWER TO COMPLAINT FOR DAMAGES by placing it/them in an addressed
10  sealed envelope and depositing it in the United States mail, first class postage fully prepaid,
11  to the following:

12  Khari J. Tillery, Esq.
    Keker & Van Nest LLP
13  710 Sansome Street
    San Francisco, CA  94111
14
    Linda G. Hauser
15  U.S. Department of Homeland Security
    450 Golden Gate Avenue, Suite 5474
16  San Francisco, CA  94102

17
    I declare under penalty of perjury that the foregoing is true and correct. Executed
18
    this 7th day of August, 2007, at Sacramento, California.
19

20

21                                                              _____
22                                                                      Deborah Johansen-Cook

23

24

25

26

27

28