KEKER & VAN NEST, LLP
JON B. STREETER - #101970, jstreeter@kvn.com
KHARI J. TILLERY - #215669, ktillery@kvn.com
ROSE DARLING - #243893, rdarling@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
ROBERT RUBIN- #85084, rrubin@lccr.com
131 Steuart St., Suite 400
San Francisco, CA  94105
Telephone:    (415) 543-9444
Facsimile:    (415) 543-0296

Attorneys for Plaintiff
RAGHBIR SINGH

PILLSBURY WINTHROP SHAW PITTMAN LLP
THOMAS N. MAKRIS  - #104668, tmakris@pillsbury.com
BENJAMIN L. WEBSTER - # 132230, Benjamin.webster@pillsbury.com
DARCY L. MUILENBURG  #233787, darcy.muilenburg@pillsbury.com
400 Capitol Mall, Suite 1700
Sacramento, CA  95814-4419
Telephone: (916) 329-4700
Facsimile: (916) 441-3583

Attorneys for Defendant
NATIONAL COMMAND LINK NETWORK 20

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAGHBIR SINGH,<br><br>                      Plaintiff,<br><br>     v.<br><br>LINDA G. HAUSER, NATIONAL COMMAND LINK NETWORK 20 and DOES 1-25,<br><br>                      Defendants. | Case No. C-07-2997 EDL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Judge:    The Hon. Elizabeth D. Laporte<br><br>Date Comp. Filed:    June 8, 2007<br><br>Trial Date: |

1 | NATIONAL COMMAND LINK NETWORK 20 and DOES 1-25,
2
3 |         Cross-Complainants,
4 |     v.
5 | LINDA G. HAUSER,
6 |         Cross-Defendant.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
Case No. C-07-2997 EDL

Plaintiff Raghbir Singh and Defendant National Command Link 20 ("NCLN20") jointly submit this Case Management Conference Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case. Defendant Linda G. Hauser was served on July 17, 2007, but has yet to respond to Plaintiff Singh's complaint and has not joined this case management statement.

**DESCRIPTION OF THE CASE**

**1.    A brief description of the events underlying the action:**

**A.    <u>Plaintiff Singh's Statement of Facts</u>**

Plaintiff Singh is a member of the Sikh faith. As a Sikh, he has a sincerely held religious belief that he may not cut his hair, including his facial hair, and must wear a turban on his head.

From approximately March 2004 through September 2005, Mr. Singh worked as a security guard with a private security company, AmeriGuard Security Inc. ("AmeriGuard"). For the first eleven months of his employment with AmeriGuard, Mr. Singh was assigned to guard various private commercial facilities.

In approximately February 2005, Mr. Singh requested that he be placed in a more desirable employment position with AmeriGuard as a GSA Guard II, guarding United States government facilities. Upon information and belief, this position was available pursuant to a contract between NCLN20 and the United States government, which had been subcontracted to AmeriGuard.

Mr. Singh was told by an AmeriGuard executive that he could only transfer to the GSA Guard II position if he trimmed his beard and replaced his turban with a scarf and baseball cap. These specific conditions were mandated by DHS-FPS officials, including but not limited to, Defendant Hauser. Under duress, Mr. Singh reluctantly agreed to these conditions.

Plaintiff Singh believes that Defendant NCLN20 terminated its subcontract with AmeriGuard on October 1, 2005 and assumed the duties under its contract with DHS-FPS. Mr. Singh then was retained by NCLN20 as a GSA Guard II—the same position he had held with AmeriGuard. During his orientation with Defendant NCLN20, a supervisor told Mr. Singh that he could not continue to wear a beard because it violated DHS-FPS's written appearance and

1  grooming policy.  Mr. Singh refused and told the supervisor that shaving his beard was
2  prohibited by his religious beliefs.
3  　　　　On October 26, 2005, Defendant Hauser sent a letter to Defendant NCLN20 advising the
4  company that Mr. Singh had to comply with the DHS-FPS appearance and grooming policy or
5  he would be terminated because his religiously-mandated turban and beard violated DHS-FPS
6  appearance and grooming policies.
7  　　　　On October 31, 2005, Defendant NCLN20 sent a letter to Mr. Singh explaining that he
8  was being terminated due to his refusal to comply with the DHS-FPS appearance and grooming
9  policy.

### B.  Defendant NCLN20's Statement of Facts

11  　　　　NCLN20 agrees that Plaintiff requested religious accommodation of his beard and turban
12  and that the DHS-FPS refused such accommodation and required that Plaintiff be terminated
13  from the contract.  NCLN20 has no independent information on the actual nature or sincerity of
14  Plaintiff's religious beliefs.  NCLN20 was told by DHS-FPS that no waiver had been given to
15  allow Plaintiff to wear a beard while he was employed by AmeriGuard, but has no independent
16  knowledge on this issue.
17  　　　　The decision to terminate Plaintiff from the contract was made solely by DHS-FPS and
18  NCLN20 had no option but to follow the instructions of DHS-FPS,

### 2.  The principle factual issues which the parties dispute:

20  　　　　The parties have not yet engaged in any discovery, and thus neither is aware of the nature
21  or extent of dispositive factual disputes at this time.

### 3.  The principle legal issues which the parties dispute:

23  　　　　Plaintiff Singh alleges that Defendant NCLN20 violated Title VII, 42 U.S.C. § 2000e *et*
24  *seq*. and California Fair Employment and Housing Act, Cal. Gov. Code § 12900 *et seq*. when it
25  terminated Mr. Sing's employment on October 31, 2007.  NCLN20 denies liability and has
26  asserted a number of affirmative defenses, primarily related to the fact that the decision to
27  terminate Plaintiff from the contract was made by DHS-FPS and NCLN20 had no option but to
28  follow the instructions of DHS-FPS.  NCLN20 has also filed a Cross-complaint for indemnity

against Ms. Hauser.

**4. The other factual issues which remain unresolved for the reasons stated below and how the parties propose to resolve those issues:**

The parties have not yet engaged in any discovery, and thus neither is aware of any additional factual disputes at this time.

**5. The parties which have not been served and the reasons:**

All of the named defendants have been served. Defendant Linda Hauser has yet to respond to the complaint or seek an extension of time to respond.

**6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

Plaintiff Singh intends to add additional DHS employees as named defendants, including those responsible for instituting the grooming and appearance policy and making the decision to terminate Plaintiff Singh. Plaintiff Singh intends to add these individuals as named defendants as soon as their respective identities are discovered.

**7. The following parties consent to assignment of this case to a United States Magistrate Judge for Jury Trial:**

Plaintiff Singh, Defendant NCLN20.

## ALTERNATIVE DISPUTE RESOLUTION

**8. The parties have filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request is:**

Private mediation, likely though JAMS.

## DISCLOSURES

**9. The parties certify that they have made the following disclosures:**

Plaintiff Singh and Defendant NCLN20 made initial disclosures on September 4, 2007.

## DISCOVERY

**10. The parties agree to the following discovery plan:**

- Initial Disclosures: September 4, 2007
- Close of Fact Discovery: May 1, 2008
- Expert Disclosure/Reports: May 14, 2008
- Rebuttal Expert Disclosure/Reports: June 4, 2008

- Close of Expert Discovery: June 18, 2008
- Last Day to Hear Dispositive Motions: August 18, 2008
- Pretrial Conference: November 17, 2008 at 2:00 p.m.
- Limits on written discovery:
  - Any party may serve 25 Document Requests upon any other party.
  - Any party may serve 25 Interrogatories upon any other party.
  - Any party may serve 25 Requests for Admission upon any other party.
  - The Court may permit additional discovery, as needed, upon a showing of good cause.

## TRIAL SCHEDULE

**11.    The parties request a trial date as follows:**

December 8, 2008

**12.    The parties expect that the trial will last for the following number of days:**

The parties anticipate that the trial will last 4-6 days.

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: September 4, 2007                                   KEKER & VAN NEST, LLP


                                                           By: /s/ *Khari J. Tillery*
                                                               KHARI J. TILLERY
                                                               Attorneys for Plaintiff
                                                               RAGHBIR SINGH

1  Dated: September 4, 2007                                    PILLSBURY, WINTHROP SHAW
                                                                PITTMAN, LLP
2

3

4                                                               By: /s/ *Darcy L. Muilenburg*
                                                                [*Concurrence Obtained General Order 45 §*
5                                                               *X.B*]
                                                                    DARCY L. MUILENBURG
6                                                                   Attorneys for Defendant NCLN20

7

8       The Case Management Statement and Proposed Order is hereby adopted by the Court as

9  the Case Management Order for the case and the parties are ordered to comply with this Order.

10  Dated: _____        _____
                                    ELIZABETH D. LAPORTE
11                                  United States District Judge