# EXHIBIT A

1    KEKER & VAN NEST, LLP
     JON B. STREETER - #101970, jstreeter@kvn.com
2    KHARI J. TILLERY - #215669, ktillery@kvn.com
     ROSE DARLING - #243893, rdarling@kvn.com
3    710 Sansome Street
     San Francisco, CA  94111-1704
4    Telephone:    (415) 391-5400
     Facsimile:     (415) 397-7188
5

6    THE SIKH COALITION
     AMARDEEP SINGH BHALLA - *pro hac vice*, amar@sikhcoalition.org
     HARSIMRAN KAUR DANG - *pro hac vice*, harsimran@sikhcoalition.org
7    40 Exchange Place, Ste. 728
     New York, NY 10005
8    Telephone:    (212) 655-3095
     Facsimile:     (212) 208-4611
9

10    LAWYERS' COMMITTEE FOR CIVIL RIGHTS
     ROBERT RUBIN - #85084, rrubin@lccr.com
     131 Steuart St., Suite 400
11    San Francisco, CA 94105
     Telephone:    (415) 543-9444
12    Facsimile:     (415) 543-0296

13    Attorneys for Plaintiff
     RAGHBIR SINGH

14

15

16                    UNITED STATES DISTRICT COURT

17                 NORTHERN DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| RAGHBIR SINGH, | Case No. C-07-2997 EDL |
| Plaintiff, | **AMENDED COMPLAINT FOR DAMAGES** |
| v. | |
| LINDA G. HAUSER, MARIO CANTON, JOHN P. MORGAN, NATIONAL COMMAND LINK NETWORK 20, AND DOES 1-25 | DEMAND FOR JURY TRIAL |
| | Complaint Filed:     June 8, 2007 |
| Defendants. | |

1   Plaintiff, RAGHBIR SINGH, alleges as follows:

2                    **JURISDICTION AND PREREQUISITES TO SUIT**

3          1.       Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C.

4   § 1343(a)(4), and 28 U.S.C. § 1367.  This action arises under the First Amendment to the

5   Constitution of the United States, the Religious Freedom Restoration Act, (42 U.S.C. § 2000bb

6   *et seq*.), Title VII, (42 U.S.C. § 2000e *et seq*.), and the California Fair Employment and Housing

7   Act (Cal. Gov. Code § 12900 *et seq*.), as hereinafter more fully appears.

8          2.       Mr. Singh has satisfied all of the procedural and administrative requirements set

9   forth in Section 706 of Title VII (42 U.S.C. § 2000e-5), in particular:

10         (a)      Mr. Singh filed a timely Charge of Discrimination with the United States Equal

11  Employment Opportunity Commission ("EEOC") on August 24, 2006;

12         (b)      Mr. Singh received a "Notice of Right to Sue" from the EEOC on March 15,

13  2007; and

14         (c)      The Complaint in this matter is being filed within ninety (90) days of receipt of

15  the Notice of Right to Sue provided to Plaintiff.

16                              **VENUE**

17         3.       Venue is proper in the Northern District of California pursuant to 28 U.S.C.

18  § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

19                    **INTRADISTRICT ASSIGNMENT**

20         4.       Venue in this action is proper in the District of San Francisco pursuant to Local

21  Rule 3-2(c) and General Order 44.

22                           **THE PARTIES**

23         5.       Plaintiff, RAGHBIR SINGH, is a legal permanent resident of the United States.

24  Mr. Singh is a member of the Sikh faith.  As a Sikh, he has a sincerely held religious belief that

25  he may not cut his hair, including his facial hair, and must wear a turban on his head.  These

26  practices are required by his religious faith.  From approximately October 1 through October 31,

27  2005, Mr. Singh was employed by defendant National Command Link Network 20 ("NCLN20")

28  as a General Services Administration Guard II ("GSA Guard II").

1

AMENDED COMPLAINT FOR DAMAGES

1         6.     The Office of Federal Protective Service ("FPS") was at all times mentioned

2    herein a division of the U.S. Immigration and Customs Enforcement ("ICE"), which was

3    established in March 2003 as part of the Department of Homeland Security ("DHS"), organizing

4    and existing under the laws of the United States (collectively, "DHS-FPS"). Plaintiff is informed

5    and believes that DHS-FPS maintains a field office in San Francisco, California.

6         7.     At all relevant times herein, defendant LINDA G. HAUSER was the Contract

7    Guard Program Manager for DHS-FPS.

8         8.     At all relevant times herein, MARIO CANTON was an Area Commander for

9    DHS-FPS.

10        9.     At all relevant times herein, JOHN P. MORGAN was the Chief of the Threat

11   Management Branch for DHS-FPS.

12        10.     At all relevant times herein, defendant National Command Link Network 20

13   ("NCLN20") was a private security company. Upon information and belief, NCLN20 provides

14   security guard, dispatch, and telecommunication services to United States federal government

15   agencies, state government agencies, public utilities, and private industry. Plaintiff is informed

16   and believes that NCLN20's corporate headquarters is located in Concord, California.

17        11.     At all relevant times herein, defendants DOES 1-25 (also referred to hereinafter as

18   the "DOE defendants"), each of whom Plaintiff sues in their individual capacities, were agents,

19   employees, and or otherwise representatives DHS-FPS, other federal agencies, state agencies,

20   local government agencies, and/or private actors acting in their individual capacities. Plaintiff

21   and/or his representatives have undertaken reasonable and diligent efforts to ascertain the true

22   identities of DOES 1 through 25, but, despite such efforts, Plaintiff is presently unaware of the

23   true identities of defendants DOES 1 through 25, inclusive, and Plaintiff therefore sues each such

24   defendant by a fictitious name. Upon information and belief, Mr. Singh alleges that DOES 1

25   through 25, inclusive, are legally responsible for the wrongs committed against Plaintiff, as

26   alleged herein. When Plaintiff becomes aware of the true identities of one or more DOE

27   defendants, Plaintiff will amend his complaint to add or substitute them as named defendants.

28

AMENDED COMPLAINT FOR DAMAGES

407707.01

**FACTS GIVING RISE TO CLAIM**

12.     Raghbir Singh is a member of the Sikh faith. As a Sikh, he has a sincerely held religious belief that he may not cut his hair, including his facial hair, and must wear a turban on his head. These practices are required by his religious faith.

13.     From approximately March 2004 through September 2005, Mr. Singh worked as a security guard with a private security company, AmeriGuard Security Inc. ("AmeriGuard"). For the first eleven months of his employment with AmeriGuard, Mr. Singh was assigned to guard various private commercial facilities.

14.     In approximately February 2005, Mr. Singh requested that he be placed in a more desirable employment position with AmeriGuard as a GSA Guard II, guarding United States government facilities. Upon information and belief, this position was available pursuant to a contract between NCLN20 and the United States government, which had been subcontracted to AmeriGuard. Mr. Singh was told that the GSA Guard II position offered better pay, increased benefits, safer conditions, and more desirable day-time shifts than did his current position. Upon information and belief, Mr. Singh was trained for the GSA Guard II position in accordance with DHS-FPS regulations.

15.     After requesting the transfer to a GSA Guard II post, Mr. Singh was informed that DHS-FPS had written appearance and grooming policies that required male employees to be clean-shaven and that prohibited unauthorized headgear (*i.e.*, headgear that was not issued by DHS-FPS).

16.     Mr. Singh was later told by an AmeriGuard executive that he could only transfer to the GSA Guard II position if he trimmed his beard and replaced his turban with a scarf and baseball cap. Plaintiff is informed and believes that these specific conditions were mandated by DHS-FPS officials, including but not limited to defendant Hauser, during a meeting with the same AmeriGuard executive. Under duress, Mr. Singh reluctantly agreed to these conditions.

17.     Upon information and belief, NCLN20 terminated its subcontract with AmeriGuard on October 1, 2005 and assumed the duties under its contract with the government. Mr. Singh was initially retained by NCLN20 as a GSA Guard II—the same position he had held

3

AMENDED COMPLAINT FOR DAMAGES

1  with AmeriGuard.

2       18.    At an NCLN20 orientation session, NCLN20 supervisor Kyle Salas informed

3  Mr. Singh that he would have to shave his beard completely if he wanted to keep his job.

4  Mr. Salas explained that Mr. Singh could not continue to wear a beard under the DHS-FPS

5  appearance and grooming policy. Mr. Singh refused and told Mr. Salas that shaving his beard

6  was prohibited by his religious beliefs.

7       19.    On October 2, 2005, Mr. Salas sent an email to defendant Canton, a DHS-FPS

8  Area Manager, explaining that Mr. Singh was continuing to wear a turban and beard and

9  inquiring whether Mr. Singh had been granted a religious accommodation from the grooming

10  and appearance policy.

11       20.    On October 3, 2005, defendant Canton responded that Mr. Singh had not been

12  granted a religious accommodation from the policy, but that he would confirm this fact with

13  defendant Hauser, DHS-FPS Contract Guard Program Manager. Defendant John P. Morgan,

14  Chief of the DHS-FPS Threat Management Branch, was also copied in the email.

15       21.    Later that same day, defendant Hauser sent an email to Mr. Salas (copying

16  defendants Canton and Morgan) reiterating that no religious accommodation had been or would

17  be granted to Mr. Singh. Defendant Hauser further stated that Mr. Singh would have to be

18  removed from the government contract if he failed to comply with the appearance and grooming

19  policy as written.

20       22.    On October 26, 2005, after weeks of discussion between representatives of

21  NCLN20 and representatives DHS-FPS (including the defendants named herein), defendant

22  Hauser sent a letter to NCLN20 advising the company that Mr. Singh had to comply with the

23  DHS-FPS appearance and grooming policy or he would be terminated because his religiously-

24  mandated turban and beard violated DHS-FPS appearance and grooming policy. Defendant

25  Morgan was copied on the letter.

26       23.    On October 31, 2005, Mr. Salas sent a letter to Mr. Singh explaining that he was

27  being terminated due to his refusal to comply with the DHS-FPS appearance and grooming

28  policy.

4

1    24.    On July 9, 2006, Mr. Singh again applied for a position with NCLN20 as a GSA

2    Guard II.  In response to an email from Mr. Singh regarding his application, Kyle Salas stated

3    that NCLN20 would not (and could not) hire Mr. Singh because his religious practices conflicted

4    with the federal government's appearance and grooming policy.

5    25.    On April 2, 2007, shortly after Mr. Singh's counsel notified the Department of

6    Homeland Security that it would be filing a lawsuit in this matter, Immigration and Customs

7    Enforcement told counsel that it was implementing an interim policy, effective immediately,

8    amending FPS contract security guard grooming standards to allow for religious accommodation

9    of turbans and unshorn hair and beards.

10

11    **FIRST CLAIM FOR RELIEF**

12    **(Violation of the First Amendment to the Constitution of the United States of America)**
    **(Against Defendants Linda G. Hauser, Mario Canton, John P. Morgan, and Does 1-25)**

13

14    26.    Mr. Singh repeats and realleges each and every allegation set forth in the

15    preceding paragraphs of the Complaint as if fully set forth herein.

16    27.    At all relevant times, defendants Linda G. Hauser, Mario Canton, John, P.

17    Morgan, and DOES 1-25 were acting under color of federal law.

18    28.    The First Amendment to the United States Constitution provides that there shall

19    be no prohibition upon the free exercise of religion.

20    29.    By implementing, carrying out, and/or enforcing the DHS-FPS appearance and

21    grooming policy, defendants Linda G. Hauser, Mario Canton, John P. Morgan, and DOES 1-25

22    violated Mr. Singh's rights under the First Amendment to the United States Constitution.

23    30.    Defendants' conduct violated clearly established constitutional and other rights of

24    which defendants knew, or which a reasonable public official should have known.

25    31.    By implementing, carrying out, and enforcing the DHS-FPS appearance and

26    grooming policy, defendants engaged in a course of conduct, practice and policy designed to and

27    having the effect of chilling, deterring, preventing, and inhibiting Plaintiff in the free exercise of

28    religion under the First Amendment to the United States Constitution.  Defendants' actions,

5

AMENDED COMPLAINT FOR DAMAGES

1  practice, and policy set forth above violate Plaintiff's rights under the First Amendment to the

2  United States Constitution to the free exercise of religion.

3       32.    As a direct and proximate cause of defendant's actions, Plaintiff has been harmed.

4  His harm includes, but is not limited to, being denied the freedom to practice and observe his

5  religion.

6  **SECOND CLAIM FOR RELIEF**

7  **(Violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.* ("RFRA"))**
**(Against Defendants Linda G. Hauser, Mario Canton, John P. Morgan, and Does 1-25)**

8

9       33.    Mr. Singh repeats and realleges each and every allegation set forth in the

10  preceding paragraphs of the Complaint as if fully set forth herein.

11       34.    At all relevant times, defendants Linda G. Hauser, Mario Canton, John P.

12  Morgan, and DOES 1-25 were acting under color of federal law.

13       35.    Congress passed the Religious Freedom Restoration Act ("RFRA") in 1993 to

14  prevent government from burdening the free exercise of religion unless it had a compelling

15  interest in doing so and it accomplished its goal by the least restrictive means.

16       36.    As a Sikh, Mr. Singh holds a sincere religious belief that he may not cut his hair

17  and must wear a turban on his head.

18       37.    By implementing, carrying out, and/or enforcing the DHS-FPS appearance and

19  grooming policy, defendants Linda G. Hauser and DOES 1-25 engaged in a course of conduct,

20  practice, and policy designed to and having the effect of substantially burdening Plaintiff's

21  exercise of religion.

22       38.    As a direct and proximate cause of defendants' actions, Plaintiff has been harmed.

23  His harm includes, but is not limited to, being denied the freedom to practice and observe his

24  religion.

25  **THIRD CLAIM FOR RELIEF**

26  **(Violation of Title VII, 42 U.S.C. § 2000e *et seq.* – Failure to Accommodate)**
**(Against Defendant NCLN20)**

27       39.    Mr. Singh repeats and realleges each and every allegation set forth in the

28  preceding paragraphs of the Complaint as if fully set forth herein.

6

407707.01

40. Mr. Singh has a *bona fide* religious belief as a member of the Sikh religion in wearing a turban and maintaining uncut hair.

41. Mr. Singh informed defendant NCLN20 of his religious belief in wearing a turban and maintaining uncut hair.

42. NCLN20's repeated directive that Mr. Singh would not be permitted to wear a turban or maintain uncut hair while performing his job duties as a Security Guard directly conflicted with the practice of his religious beliefs.

43. Mr. Singh has suffered adverse employment consequences as a direct and proximate result of NCLN20's discriminatory and malicious conduct towards him.

44. NCLN20's conduct towards Mr. Singh constitutes illegal discrimination as proscribed by 42 U.S.C. § 2000e.

45. As a direct and proximate result of NCLN20's improper and illegal conduct, Mr. Singh has been harmed. His harm includes, but is not limited to, being denied the freedom to practice and observe his religion.

## FOURTH CLAIM FOR RELIEF
### (Violation of Title VII, 42 U.S.C. § 2000e *et seq.* – Disparate Impact)
### (Against Defendant NCLN20)

46. Mr. Singh repeats and realleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

47. Mr. Singh was employed by defendant NCLN20 as a GSA Guard II for approximately one month. He remains fully qualified for that position and has effectively performed his job duties in the course of his employment.

48. NCLN20's adverse conduct towards Mr. Singh, as described herein, has had an unjustified, adverse and disparate impact on Mr. Singh as a member of the Sikh religion, and constitutes illegal discrimination as proscribed by 42 U.S.C. § 2000e.

49. As a direct and proximate result of NCLN20's improper and illegal conduct, Mr. Singh has been harmed. His harm includes, but is not limited to, being denied the freedom to practice and observe his religion.

7

407707.01

**FIFTH CLAIM FOR RELIEF**
**(Violation of the California Fair Employment and Housing Act, Cal. Gov. Code § 12900 *et seq.* – Failure to Accommodate)**
**(Against Defendant NCLN20)**

50.    Mr. Singh repeats and realleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

51.    Mr. Singh has a *bona fide* religious belief as a member of the Sikh religion in wearing a turban and maintaining uncut hair.

52.    Mr. Singh informed defendant NCLN20 of his religious belief in wearing a turban and maintaining uncut hair.

53.    NCLN20's repeated directive that Mr. Singh would not be permitted to wear a turban or maintain uncut hair while performing his job duties as a Security Guard directly conflicted with the practice of his religious beliefs.

54.    Mr. Singh has suffered adverse employment consequences as a direct and proximate result of NCLN20's discriminatory and malicious conduct towards him.

55.    NCLN20's conduct towards Mr. Singh constitutes illegal discrimination as proscribed by Cal. Gov. Code § 12900.

56.    As a direct and proximate result of NCLN20's improper and illegal conduct, Mr. Singh has been harmed.  His harm includes, but is not limited to, being denied the freedom to practice and observe his religion.

**SIXTH CLAIM FOR RELIEF**
**(Violation of the California Fair Employment and Housing Act, Cal. Gov. Code § 12900 *et seq.* – Disparate Impact)**
**(Against Defendant NCLN20)**

57.    Mr. Singh repeats and realleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

58.    Mr. Singh was employed by defendant NCLN20 as a GSA Guard II for approximately one month.  He remains fully qualified for that position and has effectively performed his job duties in the course of his employment.

8

407707.01

59.    NCLN20's adverse conduct towards Mr. Singh, as described herein, has had an unjustified, adverse and disparate impact on Mr. Singh as a member of the Sikh religion, and constitutes illegal discrimination as proscribed by Cal. Gov. Code § 12900.

60.    As a direct and proximate result of NCLN20's improper and illegal conduct, Mr. Singh has been harmed.  His harm includes, but is not limited to, being denied the freedom to practice and observe his religion.

### PRAYER

WHEREFORE, Mr. Singh prays that judgment be entered in his favor and the following relief be granted against Linda G. Hauser, Mario Canton, John P. Morgan, NCLN20, and DOES 1-25:

1.    Compensatory and general damages against all defendants and each of them for Singh in an amount to be determined according to proof;

2.    Punitive and exemplary damages against all defendants and each of them in an amount to be determined according to proof;

3.    Costs, expenses, and reasonable attorneys' fees in an amount to be determined according proof; and

4.    Such other relief as the Court may deem just and proper.

Dated:  December 11, 2007                               KEKER & VAN NEST, LLP


By:  _____
     KHARI J. TILLERY
     Attorneys for Plaintiff
     RAGHBIR SINGH

9

407707.01

1

## DEMAND FOR JURY TRIAL

2     Plaintiff hereby demands a trial by jury on all issues so triable.

3     Dated:  December 11, 2007                    KEKER & VAN NEST, LLP

4

5                                              By: _____

6                                                  KHARI J. TILLERY
                                                   Attorneys for Plaintiff
7                                                  RAGHBIR SINGH

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED COMPLAINT FOR DAMAGES

407707.01