| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
|   | JON B. STREETER - #101970, jstreeter@kvn.com |
| 2 | KHARI J. TILLERY - #215669, ktillery@kvn.com |
|   | ROSE DARLING - #243893, rdarling@kvn.com |
| 3 | 710 Sansome Street |
|   | San Francisco, CA  94111-1704 |
| 4 | Telephone:     (415) 391-5400 |
|   | Facsimile:      (415) 397-7188 |
| 5 | |
|   | LAWYERS' COMMITTEE FOR CIVIL RIGHTS |
| 6 | ROBERT RUBIN- #85084, rrubin@lccr.com |
|   | 131 Steuart St., Suite 400 |
| 7 | San Francisco, CA  94105 |
|   | Telephone:     (415) 543-9444 |
| 8 | Facsimile:      (415) 543-0296 |
| 9 | Attorneys for Plaintiff |
|   | RAGHBIR SINGH |
| 10 | |
|   | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| 11 | THOMAS N. MAKRIS  - #104668, tmakris@pillsbury.com |
|   | BENJAMIN L. WEBSTER - # 132230, |
| 12 | Benjamin.webster@pillsbury.com |
|   | DARCY L. MUILENBURG  #233787, |
| 13 | darcy.muilenburg@pillsbury.com |
|   | 400 Capitol Mall, Suite 1700 |
| 14 | Sacramento, CA  95814-4419 |
|   | Telephone:  (916) 329-4700 |
| 15 | Facsimile:  (916) 441-3583 |
| 16 | Attorneys for Defendant |
|   | NATIONAL COMMAND LINK NETWORK 20 |
| 17 | |
| 18 | JOSEPH P. RUSSONIELLO – #44332 |
|   | United States Attorney |
| 19 | JOANN M. SWANSON - # 88143 |
|   | Chief, Civil Division |
| 20 | MICHAEL T. PYLE - # 172954, michael.t.pyle@usdoj.gov |
|   | Assistant United States Attorney |
| 21 | 450 Golden Gate Avenue |
|   | 9th Floor, Box 36055 |
| 22 | San Francisco, CA  94102-3495 |
|   | Telephone:  (415) 436-7322 |
| 23 | Facsimile:  (415) 436-6748 |
| 24 | Attorneys for Defendant and Cross-Defendant |
|   | LINDA HAUSER |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

409251.01

JOINT CASE MANAGEMENT STATEMENT
Case No. C-07-2997 EDL

1 UNITED STATES DISTRICT COURT

2 NORTHERN DISTRICT OF CALIFORNIA

3 SAN FRANCISCO DIVISION

| | |
|---|---|
| RAGHBIR SINGH,<br><br>      Plaintiff,<br><br> v.<br><br>LINDA G. HAUSER, NATIONAL COMMAND LINK NETWORK 20 and DOES 1-25,<br><br>      Defendants.<br><br>NATIONAL COMMAND LINK NETWORK 20 and DOES 1-25,<br><br>    Cross-Complainants,<br><br> v.<br><br>LINDA G. HAUSER,<br><br>      Cross-Defendant. | Case No. C-07-2997 EDL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:  The Hon. Elizabeth D. Laporte<br><br>Date Comp. Filed:  June 8, 2007<br><br>Trial Date: December 8, 2008 |

Plaintiff Raghbir Singh, Defendant National Command Link 20 ("NCLN20"), and Defendant/Cross-Defendant Linda Hauser jointly submit this Case Management Conference Statement.

## DESCRIPTION OF THE CASE

**1.    A brief description of the events underlying the action:**

### A.    Plaintiff Singh's Statement of Facts

Plaintiff Singh is a member of the Sikh faith. As a Sikh, he has a sincerely held religious belief that he may not cut his hair, including his facial hair, and must wear a turban on his head.

From approximately March 2004 through September 2005, Mr. Singh worked as a security guard with a private security company, AmeriGuard Security Inc. ("AmeriGuard"). For the first eleven months of his employment with AmeriGuard, Mr. Singh was assigned to guard various private commercial facilities.

In approximately February 2005, Mr. Singh requested that he be placed in a more desirable employment position with AmeriGuard as a GSA Guard II, guarding United States government facilities. Upon information and belief, this position was available pursuant to a contract between NCLN20 and the United States government, which had been subcontracted to AmeriGuard.

Mr. Singh was told by an AmeriGuard executive that he could only transfer to the GSA Guard II position if he trimmed his beard and replaced his turban with a scarf and baseball cap. These specific conditions were mandated by DHS-FPS officials, including but not limited to, Defendant Hauser. Under duress, Mr. Singh reluctantly agreed to these conditions.

Plaintiff Singh believes that Defendant NCLN20 terminated its subcontract with AmeriGuard on October 1, 2005 and assumed the duties under its contract with DHS-FPS. Mr. Singh then was retained by NCLN20 as a GSA Guard II—the same position he had held with AmeriGuard. During his orientation with Defendant NCLN20, a supervisor told Mr. Singh that he could not continue to wear a beard because it violated DHS-FPS's written appearance and grooming policy. Mr. Singh refused and told the supervisor that shaving his beard was prohibited by his religious beliefs.

On October 26, 2005, Defendant Hauser sent a letter to Defendant NCLN20 advising the company that Mr. Singh had to comply with the DHS-FPS appearance and grooming policy or he would be terminated because his religiously-mandated turban and beard violated DHS-FPS appearance and grooming policies.

On October 31, 2005, Defendant NCLN20 sent a letter to Mr. Singh explaining that he was being terminated due to his refusal to comply with the DHS-FPS appearance and grooming policy.

### B. Defendant NCLN20's Statement of Facts

NCLN20 agrees that Plaintiff requested religious accommodation of his beard and turban and that the DHS-FPS refused such accommodation and required that Plaintiff be terminated from the contract. NCLN20 has no independent information on the actual nature or sincerity of Plaintiff's religious beliefs. NCLN20 was told by DHS-FPS that no waiver had been given to allow Plaintiff to wear a beard while he was employed by AmeriGuard, but has no independent knowledge on this issue.

The decision to terminate Plaintiff from the contract was made solely by DHS-FPS and NCLN20 had no option but to follow the instructions of DHS-FPS.

### C. Defendant Hauser's Statement of Facts

Defendant and cross-defendant Linda Hauser currently resides in the State of Washington and is no longer employed by the federal government.

In 2005 she served as the Contract Guard Program Manager for the Department of Homeland Security's Federal Protective Service and worked in San Francisco. She never met or otherwise had contact with Plaintiff Singh.

Ms. Hauser had no role of any kind in the development of the Federal Protective Service's grooming policy at issue in this case. When Ms. Hauser learned in October 2005 that Plaintiff Singh was employed by NCLN20 and guarding a federal facility while wearing a turban and beard Ms. Hauser discussed the issue with her supervisor and subsequently sought legal advice from a lawyer for the Department of Homeland Security. Ms. Hauser took no action with regard to Mr. Singh until she received legal advice. On October 26, 2005, Ms. Hauser wrote a

1   letter to NCLN20 in which she advised the company about the legal advice she had received and
2   stated that "Mr. Singh will be removed from the contract immediately" should he fail to comply
3   with the Federal Protective Service's grooming policy.  Ms. Hauser's letter did not require
4   NCLN20 to terminate Mr. Singh's employment.

5       Ms. Hauser contends that it was NCLN20 alone which made the decision to terminate
6   Mr. Singh's employment and that NCLN20 was always free to redeploy Mr. Singh to a position
7   which was not covered by the Federal Protective Service's grooming policy.

8   **2.    The principle factual issues which the parties dispute:**

9       The parties are just beginning the discovery process, but at this point, there do not appear
10  to be any significant factual disputes.

11  **3.    The principle legal issues which the parties dispute:**

12      Plaintiff Singh alleges that Defendant NCLN20 violated Title VII, 42 U.S.C. § 2000e *et*
13  *seq*. and California Fair Employment and Housing Act, Cal. Gov. Code § 12900 *et seq*. when it
14  terminated Plaintiff Singh's employment on October 31, 2007.  NCLN20 denies liability and has
15  asserted a number of affirmative defenses, primarily related to the fact that the decision to
16  terminate Plaintiff from the contract was made by DHS-FPS and NCLN20 had no option but to
17  follow the instructions of DHS-FPS.   NCLN20 has also filed a Cross-complaint for indemnity
18  against Ms. Hauser.

19      Plaintiff Singh further alleges that Defendants Linda Hauser, Mario Canton, and John
20  Morgan violated the First Amendment of the United States Constitution and the Religious
21  Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq*. when they ordered NLCN20 to terminate
22  Plaintiff Singh's employment.

23      Defendant and cross-defendant Linda Hauser denies any and all liability to Plaintiff
24  Singh and/or Cross-Complainant NCLN20.  Linda Hauser will raise a number of affirmative
25  defenses in her answers, which will be filed on or before January 25, 2008.  Among the
26  affirmative defenses that will be raised will be the defense of qualified immunity.

27
28

**4.    The other factual issues which remain unresolved for the reasons stated below and how the parties propose to resolve those issues:**

The parties are just beginning the discovery process, but at this point, there do not appear to be any significant factual disputes.

**5.    The parties which have not been served and the reasons:**

Defendants Mario Canton and John Morgan have not yet been served, but should be served prior to the case management conference on January 22, 2008.

**6.    The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

Plaintiff Singh does not intend to add any additional defendants at this time.

**7.    The following parties consent to assignment of this case to a United States Magistrate Judge for Jury Trial:**

Plaintiff Singh and Defendant NCLN20.  Defendant and cross-defendant Linda Hauser consents to the assignment of this case to Magistrate Judge LaPorte.

## ALTERNATIVE DISPUTE RESOLUTION

**8.    The parties have filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request is:**

Plaintiff Singh and Defendant NCLN20 are currently engaged in settlement negotiations.

## DISCLOSURES

**9.    The parties certify that they have made the following disclosures:**

Plaintiff Singh and Defendant NCLN20 made initial disclosures on September 4, 2007, and those disclosures have been provided to Defendant Hauser.  Defendant and cross-defendant Linda Hauser has yet to provide initial disclosures and requests that the court set a date for making disclosures at the conference.

## DISCOVERY

**10.    The parties agree to the following discovery plan:**

With the addition of two defendants, each of whom will have 60 days from the date of service to respond to the amended complaint, Plaintiff Singh and Defendant NCLN20 agree that the current discovery schedule may be unfeasible and would like to maintain the current discovery plan until the newly added defendants have an opportunity to respond to the amended

1  complaint.  Defendant and cross-defendant Linda Hauser submits that the Court should vacate all
2  of the pre-trial dates until such time as the newly named defendants have responded to the
3  amended complaint.

**TRIAL SCHEDULE**

**11.    The parties request a trial date as follows:**

Plaintiff Singh and Defendant NCLN20 request that the Court maintain the current trial date of December 8, 2008, at least until such time at the newly added defendants have an opportunity to respond to the amended complaint.  Defendant and cross-defendant Linda Hauser submits that the Court should vacate the current trial date in light of the belated service on her and the addition of two new defendants.  Defendant and cross-defendant Linda Hauser submits that the Court should set a status conference for approximately 90 days following the status conference for purposes of issuing a new order scheduling all dates in the case.

**12.    The parties expect that the trial will last for the following number of days:**

The parties anticipate that the trial will last 4-6 days.

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated:  January 15, 2008                              KEKER & VAN NEST, LLP


                                                      By:  /s/ *Khari J. Tillery*
                                                           KHARI J. TILLERY
                                                           Attorneys for Plaintiff
                                                           RAGHBIR SINGH

| | | |
|---|---|---|
| 1 | Dated: January 15, 2008 | PILLSBURY, WINTHROP SHAW PITTMAN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By:  /s/ *Darcy L. Muilenburg* |
| 5 | | [*Concurrence Obtained General Order 45 § X.B*] |
| 6 | | DARCY L. MUILENBURG<br>Attorneys for Defendant NCLN20 |
| 7 | Dated: January 15, 2008 | JOSEPH P. RUSSONIELLO<br>United States Attorney |
| 8 | | |
| 9 | | |
| 10 | | By:  /s/ *Michael T. Pyle* |
| 11 | | [*Concurrence Obtained General Order 45 § X.B*] |
| 12 | | Assistant United States Attorney<br>Attorneys for Defendant and Cross Defendant Linda Hauser |
| 13 | | |