KEKER & VAN NEST, LLP
JON B. STREETER - #101970, jstreeter@kvn.com
KHARI J. TILLERY - #215669, ktillery@kvn.com
ROSE DARLING - #243893, rdarling@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
ROBERT RUBIN- #85084, rrubin@lccr.com
131 Steuart St., Suite 400
San Francisco, CA  94105
Telephone:     (415) 543-9444
Facsimile:     (415) 543-0296

Attorneys for Plaintiff
RAGHBIR SINGH

JOSEPH P. RUSSONIELLO–#44332
United States Attorney
JOANN M. SWANSON - # 88143
Chief, Civil Division
MICHAEL T. PYLE - # 172954, michael.t.pyle@usdoj.gov
Assistant United States Attorney
450 Golden Gate Avenue
9th Floor, Box 36055
San Francisco, CA  94102-3495
Telephone:  (415) 436-7322
Facsimile:  (415) 436-6748

Attorneys for Defendants
LINDA HAUSER, MARIO CANTON & JOHN P. MORGAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAGHBIR SINGH,<br><br>           Plaintiff,<br><br>      v.<br><br>LINDA G. HAUSER, MARIO CANTON, JOHN P. MORGAN, NATIONAL COMMAND LINK NETWORK 20, AND DOES 1-25,<br><br>           Defendants. | Case No. C-07-2997 EDL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Judge:     The Hon. Elizabeth D. Laporte<br><br>Date Comp. Filed:     June 8, 2007<br><br>Trial Date: |

1 | Plaintiff Raghbir Singh and Defendants Linda G. Hauser, Mario Canton, and John P.
2 | Morgan jointly submit this Case Management Conference Statement and Proposed Order and
3 | request the Court to adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

**1.  A brief description of the events underlying the action:**

  **A.  <u>Plaintiff Singh's Statement of Facts</u>**

Plaintiff Singh is a member of the Sikh faith. As a Sikh, he has a sincerely held religious belief that he may not cut his hair, including his facial hair, and must wear a turban on his head.

From approximately March 2004 through September 2005, Mr. Singh worked as a security guard with a private security company, AmeriGuard Security Inc. ('AmeriGuard'). For the first eleven months of his employment with AmeriGuard, Mr. Singh was assigned to guard various private commercial facilities.

In approximately February 2005, Mr. Singh requested that he be placed in a more desirable employment position with AmeriGuard as a GSA Guard II, guarding United States government facilities. Upon information and belief, this position was available pursuant to a contract between NCLN20 and the United States government, which had been subcontracted to AmeriGuard.

Mr. Singh was told by an AmeriGuard executive that he could only transfer to the GSA Guard II position if he trimmed his beard and replaced his turban with a scarf and baseball cap. These specific conditions were mandated by DHS-FPS officials, including but not limited to, Defendants Hauser, Canton, and Morgan. Under duress, Mr. Singh reluctantly agreed to these conditions.

Plaintiff Singh believes that Defendant NCLN20 terminated its subcontract with AmeriGuard on October 1, 2005 and assumed the duties under its contract with DHS-FPS. Mr. Singh then was retained by NCLN20 as a GSA Guard II the same position he had held with AmeriGuard. During his orientation with Defendant NCLN20, a supervisor told Mr. Singh that he could not continue to wear a beard because it violated DHS-FPS's written appearance and grooming policy. Mr. Singh refused and told the supervisor that shaving his beard was

1 prohibited by his religious beliefs.

2 On October 2, 2005, Mr. Salas sent an email to defendant Canton, a DHS-FPS Area
3 Manager, explaining that Mr. Singh was continuing to wear a turban and beard and inquiring
4 whether Mr. Singh had been granted a religious accommodation from the grooming and
5 appearance policy. Defendant Canton responded that Mr. Singh had not been granted a religious
6 accommodation from the policy, but that he would confirm this fact with defendant Hauser,
7 DHS-FPS Contract Guard Program Manager. Defendant John P. Morgan, Chief of the DHS-FPS
8 Threat Management Branch, was also copied in the email.

9 On October 26, 2005, Defendant Hauser sent a letter to Defendant NCLN20 advising the
10 company that Mr. Singh had to comply with the DHS-FPS appearance and grooming policy or
11 he would be terminated because his religiously-mandated turban and beard violated DHS-FPS
12 appearance and grooming policies. Defendant Morgan was copied on the letter.

13 On October 31, 2005, Defendant NCLN20 sent a letter to Mr. Singh explaining that he
14 was being terminated due to his refusal to comply with the DHS-FPS appearance and grooming
15 policy.

16 **B.     Defendants Statement of Facts**

17 Defendant Linda Hauser currently resides in the State of Washington and is no longer
18 employed by the federal government. Defendants Mario Canton and John P. Morgan are
19 currently employed by the Department of Homeland Security.

20 None of the defendants had any role of any kind in the development of the Federal
21 Protective Service's grooming policy at issue in this case. When Ms. Hauser learned in October
22 2005 that Plaintiff Singh was employed by NCLN20 and guarding a federal facility while
23 wearing a turban and beard Ms. Hauser discussed the issue with her supervisor and subsequently
24 sought legal advice from a lawyer for the Department of Homeland Security. None of the
25 defendants took any action with regard to Mr. Singh until after they had received legal advice.
26 On October 26, 2005, Ms. Hauser wrote a letter to NCLN20 in which she advised the company
27 about the legal advice she had received and stated that "Mr. Singh will be removed from the
28 contract immediately" should he fail to comply with the Federal Protective Service's grooming

1 policy.  Ms. Hauser's letter did not require NCLN20 to terminate Mr. Singh's employment.

2 Defendants contend that it was NCLN20 alone which made the decision to terminate Mr.
3 Singh's employment and that NCLN20 was always free to redeploy Mr. Singh to a position which
4 was not covered by the Federal Protective Service's grooming policy.  Defendants further contend
5 that Plaintiff Singh was required to mitigate his alleged damages and has failed to do so.

6 **2.     The principle factual issues which the parties dispute:**

7 The parties are just beginning the discovery process, but at this point, there do not appear
8 to be any significant factual disputes.

9 **3.     The principle legal issues which the parties dispute:**

10 Plaintiff Singh alleges that Defendants Linda Hauser, Mario Canton, and John Morgan
11 violated the First Amendment of the United States Constitution and the Religious Freedom
12 Restoration Act, 42 U.S.C. § 2000bb *et seq*. when they ordered NLCN20 to terminate Plaintiff
13 Singh's employment.

14 Defendants deny any and all liability to Plaintiff Singh.  Defendants Linda Hauser and
15 Mario Canton have filed answers which allege affirmative defenses, including, but not limited to
16 the defense of qualified immunity.

17 **4.     The other factual issues which remain unresolved for the reasons stated below and how the parties propose to resolve those issues:**
18

19 The parties are just beginning the discovery process, but at this point, there do not appear
to be any significant factual disputes.
20

21 **5.     The parties which have not been served and the reasons:**

All defendants have been served.  Defendant John P. Morgan will file his responsive
22
pleading on or before April 21, 2008.
23

24 **6.     The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

25 Plaintiff Singh does not intend to add any additional defendants at this time.

26 **7.     The following parties consent to assignment of this case to a United States Magistrate Judge for Jury Trial:**
27

28 Plaintiff Singh and Defendant Linda Hauser have consented to the assignment of this

3
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
Case No. C-07-2997 EDL

414688.02

case to Magistrate Judge LaPorte.  Counsel for defendants will attempt to determine whether or not defendants Mario Canton and John P. Morgan will consent to Magistrate Judge LaPorte prior to the CMC.

## ALTERNATIVE DISPUTE RESOLUTION

**8.    The parties have filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request is:**

Plaintiff Singh and Defendants Hauser, Canton, and Morgan will begin settlement negotiations shortly.  At this time the parties intend to negotiate lawyer to lawyer without the assistance of any formal ADR process.  The parties propose to advise the Court by letter should the parties determine that a formal ADR process (e.g. mediation) would be appropriate.

## DISCLOSURES

**9.    The parties certify that they have made the following disclosures:**

Plaintiff Singh and Defendant Hauser have made their respective initial disclosures.  Defendants Canton and Morgan have not yet provided initial disclosures, but propose to do so by May 15, 2008.

## DISCOVERY

**10.**    The parties agree to the following discovery plan:

- Initial Disclosures:  May 15, 2008
- Close of Fact Discovery:  September 1, 2008
- Expert Disclosure/Reports:  September 15, 2008
- Rebuttal Expert Disclosure/Reports:  October 6, 2008
- Close of Expert Discovery:  November 16, 2008
- Last Day to Hear Dispositive Motions:  December 15, 2008
- Pretrial Conference:  March 16, 2009 at 2:00 p.m.
- Limits on written discovery:
  - Any party may serve 15 Document Requests upon any other party.
  - Any party may serve 15 Interrogatories upon any other party.
  - Any party may serve 15 Requests for Admission upon any other party.

- The Court may permit additional discovery, as needed, upon a showing of good cause.

**TRIAL SCHEDULE**

**11.    The parties request a trial date as follows:**

April 6, 2009

**12.    The parties expect that the trial will last for the following number of days:**

The parties anticipate that the trial will last 4-5 days.

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: April 8, 2008                                KEKER & VAN NEST, LLP


By:  /s/ *Khari J. Tillery*
KHARI J. TILLERY
Attorneys for Plaintiff
RAGHBIR SINGH

Dated: April 8, 2008                                JOSEPH P. RUSSONIELLO
United States Attorney


By:  /s/ *Michael T. Pyle*
[*Concurrence Obtained General Order 45 § X.B*]
Assistant United States Attorney
Attorneys for Defendants

1    The Case Management Statement and Proposed Order is hereby adopted by the Court as
2 the Case Management Order for the case and the parties are ordered to comply with this Order.

3    Dated: _____                    _____
4                                               ELIZABETH D. LAPORTE
                                                United States District Judge