JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7322
    Facsimile:  (415) 436-6748
    Email: michael.t.pyle@usdoj.gov

Attorneys for Defendants Linda Hauser, Mario Canton,
and John P. Morgan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAGHBIR SINGH,<br><br>      Plaintiff,<br><br>v.<br><br>LINDA G. HAUSER et al.,<br><br>      Defendants.<br>_____ | No. C 07-2997 EDL<br><br>**DEFENDANT JOHN P. MORGAN'S ANSWER TO PLAINTIFF RAGHBIR SINGH'S COMPLAINT** |

    Defendant John P. Morgan, by and through his counsel, hereby admits, denies, alleges and otherwise responds to Plaintiff Raghbir Singh's First Amended Complaint ("Complaint") as follows:

    1.  Paragraph 1 of the Complaint contains contentions of law to which no response is necessary.  To the extent that a response is deemed necessary, defendant denies each and every allegation in Paragraph 1 of the Complaint.

    2.  In answer to Paragraph 2 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

//

3.    In answer to Paragraph 3 of the Complaint, defendant admits that venue is proper in this District.  Except as so expressly admitted, defendant denies each and every allegation in Paragraph 3 of the Complaint.

4.    In answer to Paragraph 4 of the Complaint, defendant admits that venue is proper in this District. Except as so expressly admitted, defendant denies each and every allegation in Paragraph 4 of the Complaint.

5.    In answer to Paragraph 5 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

6.    In answer to Paragraph 6 of the Complaint, defendant admits that the Office of Federal Protective Services ("FPS") has an office in San Francisco, California; that FPS has been a division of the United States Immigration and Customs Enforcement ("ICE") from no later than October 2005 to the present; and that ICE has been a component of the Department of Homeland Security ("DHS") from no later than October 2005 to the present.  Except as so expressly admitted, defendant denies each and every allegation in Paragraph 6 of the Complaint.

7.    In answer to Paragraph 7 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

8.    In answer to Paragraph 8 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

9.    In answer to Paragraph 9 of the Complaint, defendant admits that on or about December 15, 2003 he was assigned as the Acting Supervisory Special Agent/Criminal Investigator in the ICE/FPS division and that in or about March, 2005 he assumed the duties of Chief of the Threat Management Branch ("TMB") and subsequently was placed in an acting assignment as the Chief of the TMB; that he vacated the position as Chief of the TMB on October 9, 2005; and that upon vacating the position as Chief of the TMB on October 9, 2005, he returned to duty in Sacramento, California as a GS-1811-12, a position he continues to hold to the present.  Except as so expressly admitted, defendant denies each and every allegation in Paragraph 9 of the Complaint.

//

10. In answer to Paragraph 10 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

11. In answer to Paragraph 11 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

12. In answer to Paragraph 12 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

13. In answer to Paragraph 13 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

14. In answer to Paragraph 14 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

15. In answer to Paragraph 15 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

16. In answer to Paragraph 16 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

17. In answer to Paragraph 17 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

18. In answer to Paragraph 18 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

19. In answer to Paragraph 19 of the Complaint, defendant admits that he was sent an e-mail from Kyle Salas dated on or about October 2, 2005; and that the contents of that e-mail speak for themselves. Except as so expressly admitted, defendant denies each and every allegation in Paragraph 19 of the Complaint.

20. In answer to Paragraph 20 of the Complaint, defendant admits that was copied on an e-mail sent by Mario Canton to Karim Abercrombia and Kyle Salas on or about October 3, 2005; and that the contents of the e-mail speak for themselves. Except as so expressly admitted, defendant denies each and every allegation in Paragraph 20 of the Complaint.

21. In answer to Paragraph 21 of the Complaint, defendant admits that he was copied on an e-mail sent by Linda Hauser to Kyle Salas dated on or about October 3, 2005; and that the contents

1  of the e-mail speak for themselves.  Except as so expressly admitted, defendant denies each and

2  every allegation in Paragraph 21 of the Complaint.

3     22. In answer to Paragraph 22 of the Complaint, defendant lacks information sufficient to

4  form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

5     23. In answer to Paragraph 23 of the Complaint, defendant lacks information sufficient to

6  form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

7     24. In answer to Paragraph 24 of the Complaint, defendant lacks information sufficient to

8  form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

9     25. In answer to Paragraph 25 of the Complaint, defendant lacks information sufficient to

10  form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

11     26. In answer to Paragraph 26 of the Complaint, defendant hereby incorporates and re-

12  alleges, as if fully set forth herein, Paragraphs 1 through 25 of this Answer.

13     27. Paragraph 27 of the Complaint contains contentions of law to which no response is

14  necessary.  To the extent that a response is deemed necessary, defendant denies each and every

15  allegation in Paragraph 27 of the Complaint.

16     28. Paragraph 28 of the Complaint contains contentions of law to which no response is

17  necessary.  To the extent that a response is deemed necessary, defendant denies each and every

18  allegation in Paragraph 28 of the Complaint.

19     29. In answer to Paragraph 29 of the Complaint, defendant denies each and every allegation

20  therein.

21     30. In answer to Paragraph 30 of the Complaint, defendant denies each and every allegation

22  therein.

23     31. In answer to Paragraph 31 of the Complaint, defendant denies each and every allegation

24  therein.

25     32. In answer to Paragraph 32 of the Complaint, defendant denies each and every allegation

26  therein.

27     33. In answer to Paragraph 33 of the Complaint, defendant hereby incorporates and re-

28  alleges, as if fully set forth herein, Paragraphs 1 through 32 of this Answer.

34. Paragraph 34 of the Complaint contains contentions of law to which no response is necessary.  To the extent that a response is deemed necessary, defendant denies each and every allegation in Paragraph 34 of the Complaint

35. Paragraph 35 of the Complaint contains contentions of law to which no response is necessary.  To the extent that a response is deemed necessary, defendant denies each and every allegation in Paragraph 35 of the Complaint

36. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint, and, on that basis, denies each and every allegation in Paragraph 36 of the Complaint.

37. In answer to Paragraph 37 of the Complaint, defendant denies each and every allegation therein.

38. In answer to Paragraph 38 of the Complaint, defendant denies each and every allegation therein.

39. In answer to Paragraph 39 of the Complaint, defendant hereby incorporates and re-alleges, as if fully set forth herein, Paragraphs 1 through 38 of this Answer.

40. In answer to Paragraph 40 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

41. In answer to Paragraph 41 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

42. In answer to Paragraph 42 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

43. In answer to Paragraph 43 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

44. In answer to Paragraph 44 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

45. In answer to Paragraph 45 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

//

46. In answer to Paragraph 46 of the Complaint, defendant hereby incorporates and re-alleges, as if fully set forth herein, Paragraphs 1 through 45 of this Answer.

47. In answer to Paragraph 47 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

48. In answer to Paragraph 48 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

49. In answer to Paragraph 49 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

50. In answer to Paragraph 50 of the Complaint, defendant hereby incorporates and re-alleges, as if fully set forth herein, Paragraphs 1 through 49 of this Answer.

51. In answer to Paragraph 51 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

52. In answer to Paragraph 52 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

53. In answer to Paragraph 53 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

54. In answer to Paragraph 54 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

55. In answer to Paragraph 55 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

56. In answer to Paragraph 56 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

57. In answer to Paragraph 57 of the Complaint, defendant hereby incorporates and re-alleges, as if fully set forth herein, Paragraphs 1 through 56 of this Answer.

58. In answer to Paragraph 58 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

59. In answer to Paragraph 59 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

60. In answer to Paragraph 60 of the Complaint, defendant lacks information sufficient to form a belief as to the truth thereof and, on that basis, denies each and every allegation therein.

The remaining allegations of the Complaint constitute plaintiff's prayer for relief to which no response is required.  However, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.  Defendant further denies each and every allegation of the Complaint that has not been admitted, denied, or otherwise qualified above.

In further answer to the Complaint and as separate affirmative defenses, defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

61.  Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Qualified Immunity)

62. Defendant alleges that he is entitled to qualified immunity because at all times pertinent, while acting in the course and scope of his employment, he did not violate any clearly established federal statutory or constitutional rights of which a reasonable person would have had knowledge.  Defendant further alleges that he understands that defendant Linda Hauser sought and obtained legal advice before taking the actions alleged to give rise to plaintiff's claims, which legal advice he followed.

### THIRD AFFIRMATIVE DEFENSE
(Statute of Limitations)

63.  Plaintiff's complaint is barred by the applicable statute of limitations.

//

//

### FOURTH AFFIRMATIVE DEFENSE
(Fault of Plaintiff or Third Parties/Comparative Fault)

64.  Any damage or loss that Plaintiff  has alleged to have suffered was proximately caused or contributed to by the conduct of Plaintiff Raghbir Singh, National Command Link Network 20, and/or one or more third parties.

### FIFTH AFFIRMATIVE DEFENSE
(Mitigation)

65.  Plaintiff's damages, if any, are limited to the extent he has failed to mitigate his damages. Defendant alleges that plaintiff had an obligation to seek alternative work after his employment ended with National Command Link Network 20 to mitigate his alleged damages and alleges on information and belief that plaintiff failed to make reasonable efforts to do so.

### SIXTH AFFIRMATIVE DEFENSE
(Limitation on Plaintiff's Damages Due to Settlement)

66.  Defendant is informed and believes that plaintiff settled his claims against former defendant National Command Link Network 20 in exchange for mutual consideration. Defendant alleges that she is entitled to a reduction, offset, and/or complete elimination of her liability for plaintiff's alleged damages as a result of plaintiff's settlement with National Command Link Network 20.

### SEVENTH AFFIRMATIVE DEFENSE
(Failure to Exhaust Administrative Remedies)

67. Plaintiff's claims are barred in whole or in part to the extent that plaintiff failed to timely exhaust his administrative remedies.

//

//

1

2

3

**EIGHTH AFFIRMATIVE DEFENSE**
(Further Affirmative Defenses)

4

5

6

68.  Defendant reserves the right to assert additional affirmative defenses in the event that discovery or other events indicate that such additional affirmative defenses would be appropriate.

7

8

WHEREFORE, for the reasons set forth above, defendant asserts that this action should be dismissed and judgment entered in his favor, with appropriate costs awarded.

9

10

Respectfully submitted,

11

JOSEPH P. RUSSONIELLO
United States Attorney

12

13

14

Dated: April 21, 2008

_____/s/_____
MICHAEL T. PYLE
Assistant United States Attorney
Attorneys for Defendants Linda Hauser, Mario
Canton and John P. Morgan

15

16

17

18

19

20

21

22

23

24

25

26

27

28