| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO (SBN 44332)<br>United States Attorney |
| 2 | JOANN M. SWANSON (SBN 88143)<br>Chief, Civil Division |
| 3 | MICHAEL T. PYLE (SBN 172954)<br>Assistant United States Attorney |
| 4 | |
| 5 | 450 Golden Gate Avenue, Ninth Floor<br>San Francisco, California 94102<br>Telephone:    (415) 436-7322 |
| 6 | Facsimile:     (415) 436-6748<br>Email: michael.t.pyle@usdoj.gov |
| 7 | |
| 8 | Attorneys for Defendants |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RAGHBIR SINGH,

    Plaintiff,

    v.

LINDA HAUSER et al.,

    Defendants.

No. C 07-2997 EDL

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASES; [PROPOSED] ORDER**

THE PARTIES AND THEIR ATTORNEYS OF RECORD HEREBY SUBMIT THE FOLLOWING STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASES (hereinafter, "Stipulation and Agreement"):

IT IS HEREBY STIPULATED AND AGREED as follows:

1. This Stipulation and Agreement is entered into by and between Raghbir Singh ("Plaintiff") the Department of Homeland Security ("DHS"), and National Command Link Network 20 ("NCLN20"). DHS enters into this Stipulation and Agreement on behalf of both itself and defendants Linda Hauser, John P. Morgan and Mario Canton, each of whom is a current or former employee of DHS ("Defendants"). Plaintiff, Defendants, DHS and NCLN20 are collectively referred to as the "Parties."

2. The Parties to this Stipulation and Agreement do hereby agree to settle, compromise and dismiss the case currently pending in the United States District Court for the Northern District of California styled as *Raghbir Singh v. Linda G. Hauser, et al.*, No. C 07-2997 EDL ("the Action"), under the terms and conditions set forth herein.

3. The effective date of this Stipulation and Agreement ("Stipulation and Agreement Effective Date") is the date on which all signatories to this Stipulation and Agreement have signed and dated the Stipulation and Agreement.

4. In full satisfaction of all claims against Defendants, DHS will provide Plaintiff, a payment of Fifty Thousand dollars and no cents ($50,000.00).

5. Plaintiff and his heirs, executors, administrators, assigns and attorneys hereby agree to accept the payment referred to in paragraph 4 in full and final settlement and satisfaction of the claims raised in the Action under the terms and conditions set forth herein.

6. The payment of $50,000.00 shall be made by wire transfer to a bank account designated by counsel for Plaintiff in writing.

7. Neither Plaintiff nor any of his attorneys may make any additional claim for attorney's fees or other costs against the United States and/or its agents, servants, or employees (including DHS and Defendants).

8. In consideration of the payment referred to in paragraph 4, Plaintiff agrees that he will

immediately upon execution of this Stipulation and Agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted or any claims that could have been asserted in the Action. The fully executed Stipulation of Dismissal will be held by counsel for the Defendants and will be filed with the Court upon payment of the $50,000 to Plaintiff.

9. In consideration of the payment referred to in paragraph 4, Plaintiff hereby releases and forever discharges the United States, and any and all of its past and present agencies, officials, employees, agents, attorneys, successors, and assigns (including DHS and Defendants) from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to the Action. This includes a release of any rights or claims Plaintiff may have under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, which prohibits discrimination in employment based on race, color, national origin, religion, or sex, the Equal Pay Act, which prohibits paying men and women unequal pay for equal work, the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*), which prohibits discrimination against the disabled, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (as amended by the Older Workers' Benefit Protection Act, 29 U.S.C. § 626(f)), which prohibits age discrimination in employment, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12940 *et seq.*, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the California Labor Code, the California Constitution, the United States Constitution, the Religious Freedom and Restoration Act ("RFRA"), and/or any other claim Plaintiff could have asserted that arises from Plaintiff's employment with any DHS contractor or subcontractor (including Ameriguard and National Command Link Network 20, Inc.).

10. NCLN20 hereby releases and forever discharges the United States, and any and all of its past and present agencies, officials, employees, agents, attorneys, successors, and assigns

(including DHS and Defendants) from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from Raghbir Singh's former employment with NCLN20, the Action, and/or the settlement of the Action. This Release is limited to the circumstances and subject matter of the Action and does not extend to other, unrelated claims NCLN20 has (or may have) against the U.S. Government or its Departments or any state governments.

11. DHS and Defendants hereby release and forever discharge NCLN20, and any and all of its past and present agencies, officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from Raghbir Singh's former employment with NCLN20, the Action, and/or the settlement of the Action.

12. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Parties, having been apprised of the statutory language of Civil Code Section 1542 by their respective attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights each Party may have pursuant to the provision of that statute and any similar provision of federal law. The Parties understand that if the facts concerning the Plaintiffs' injury and the liability of the United States, and any and all of its past and present agencies, officials, employees, agents, attorneys, successors, and assigns (including DHS and Defendants), for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by them to be true, the Releases in this Stipulation and Agreement shall be and remain effective notwithstanding such material difference.

13. The Parties acknowledge that neither this Stipulation and Agreement nor anything

contained herein shall constitute an admission of liability, fault, wrong-doing, or violation of law, rules or regulations on the part of the United States, and any and all of its past and present agencies, officials, employees, agents, attorneys, successors, and assigns (including DHS and Defendants).

14. This Stipulation and Agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this Stipulation and Agreement.

15. If any withholding or income tax liability is imposed upon plaintiff based on payment of the settlement sum as set forth in Paragraph 4, Plaintiff shall be solely responsible for paying any such liability. DHS will not withhold any taxes of any kind. The determination of Plaintiffs' tax liability, if any, is a matter solely between Plaintiff, his attorneys, the IRS and/or state and local tax authorities.

16. Each of the Parties to this Stipulation and Agreement hereby represents and warrants that he/she/it has not assigned or otherwise transferred any claim he/she/it may have had against the other, or asserted any such claim in any other action or proceeding.

17. Each Party acknowledges that he/she/it has been represented by and has relied upon independent counsel in negotiating, preparing and entering into this Stipulation and Agreement and that each Party has had the contents of this Stipulation and Agreement fully explained by counsel and that each Party is fully aware of and understands all of the terms of the Stipulation and Agreement and the legal consequences thereof. It is further acknowledged that the Parties have mutually participated in the drafting of this Stipulation and Agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this Stipulation and Agreement. This Stipulation and Agreement shall be construed broadly to accomplish the intent and purpose of the Parties, as such intent and purpose is stated in this Stipulation and Agreement.

18. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in

any way be affected or impaired thereby.

19. The Parties covenant and agree never to commence or prosecute any action based upon any claim, cause of action, obligation or liability released herein. The Parties also covenant and agree not to encourage or instigate any third parties to initiate litigation over the claims and matters covered by this Stipulation and Agreement.

20. This instrument shall constitute the entire agreement between the Parties, and it is expressly understood and agreed that this Stipulation and Agreement has been freely and voluntarily entered into by the Parties hereto with the advice of counsel, who have explained the legal effect of this Stipulation and Agreement. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation and Agreement.

21. This Stipulation and Agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the Parties or their authorized representatives.

22. This Stipulation and Agreement may be executed in counterparts by the Parties hereto, each of which shall be deemed an original, and which together shall constitute one and the same instrument, having the same force and effect as if a single original had been executed by all Parties. The Parties agree to accept facsimile transmission signatures and PDFs transmitted by e-mail as though they were original signatures on this document.

23. The signatories to this Stipulation and Agreement have actual authority to bind the Parties.

Dated: March __, 2009

_____
RAGHBIR SINGH
Plaintiff

Dated: March __, 2009 _____
DEPARTMENT OF HOMELAND SECURITY

Dated: March __, 2009 _____
National Command Link Network 20

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASES; [PROPOSED] ORDER
No. 07-2997 EDL                -6-

any way be affected or impaired thereby.

19. The Parties covenant and agree never to commence or prosecute any action based upon any claim, cause of action, obligation or liability released herein. The Parties also covenant and agree not to encourage or instigate any third parties to initiate litigation over the claims and matters covered by this Stipulation and Agreement.

20. This instrument shall constitute the entire agreement between the Parties, and it is expressly understood and agreed that this Stipulation and Agreement has been freely and voluntarily entered into by the Parties hereto with the advice of counsel, who have explained the legal effect of this Stipulation and Agreement. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation and Agreement.

21. This Stipulation and Agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the Parties or their authorized representatives.

22. This Stipulation and Agreement may be executed in counterparts by the Parties hereto, each of which shall be deemed an original, and which together shall constitute one and the same instrument, having the same force and effect as if a single original had been executed by all Parties. The Parties agree to accept facsimile transmission signatures and PDFs transmitted by e-mail as though they were original signatures on this document.

23. The signatories to this Stipulation and Agreement have actual authority to bind the Parties.

Dated: March __, 2009 _____
RAGHBIR SINGH
Plaintiff

Dated: March 24, 2009  *P. ODK. Cee*
_____
DEPARTMENT OF HOMELAND SECURITY

Dated: March __, 2009 _____
National Command Link Network 20

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASES; [PROPOSED] ORDER
No. 07-2997 EDL                    -6-

1 any way be affected or impaired thereby.

2     19. The Parties covenant and agree never to commence or prosecute any action based upon
3 any claim, cause of action, obligation or liability released herein. The Parties also covenant and
4 agree not to encourage or instigate any third parties to initiate litigation over the claims and
5 matters covered by this Stipulation and Agreement.

6     20. This instrument shall constitute the entire agreement between the Parties, and it is
7 expressly understood and agreed that this Stipulation and Agreement has been freely and
8 voluntarily entered into by the Parties hereto with the advice of counsel, who have explained the
9 legal effect of this Stipulation and Agreement. The Parties further acknowledge that no warranties
10 or representations have been made on any subject other than as set forth in this Stipulation and
11 Agreement.

12     21. This Stipulation and Agreement may not be altered, modified or otherwise changed in
13 any respect except in writing, duly executed by all of the Parties or their authorized
14 representatives.

15     22. This Stipulation and Agreement may be executed in counterparts by the Parties hereto,
16 each of which shall be deemed an original, and which together shall constitute one and the same
17 instrument, having the same force and effect as if a single original had been executed by all
18 Parties. The Parties agree to accept facsimile transmission signatures and PDFs transmitted by e-
19 mail as though they were original signatures on this document.

20     23. The signatories to this Stipulation and Agreement have actual authority to bind the
21 Parties.

23 Dated: March __, 2009
                                    RAGHBIR SINGH
24                                         Plaintiff

26 Dated: March __, 2009
                                    ~~DEPARTMENT OF HOMELAND SECURITY~~
27 Dated: March 15, 2009   [signature]   President NCL~20, INC.
                                                National Command Link Network 20

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASES; [~~PROPOSED~~] ORDER
No. 07-2997 EDL                     -6-

1  Dated: March 10, 2009  _____
                                            Linda G. Hauser
2

3
   Dated: March ___, 2009  _____
4                                           Mario Canton

5

6  Dated: March ___, 2009  _____
                                            John P. Morgan
7

8
   DATED: March ___, 2009        JOSEPH P. RUSSONIELLO
9                                 United States Attorney

10
                                  _____
11                                Michael T. Pyle
                                  Assistant United States Attorney
12                                Attorneys for Defendants

13       **PURSUANT TO STIPULATION, IT IS SO ORDERED:**

14

15
   DATED: March ___, 2009
16                                 _____
                                   The Honorable Elizabeth D. Laporte
17                                 United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

1  Dated: March __, 2009 _____
                                    Linda G. Hauser
2

3  Dated: March 25, 2009 _____
4                                   Mario Canton

5

6  Dated: March __, 2009 _____
                                    John P. Morgan
7

8  DATED: ~~March~~ June 30, 2009        JOSEPH P. RUSSONIELLO
9                                        United States Attorney
10                                       _____
                                         Michael T. Pyle
11                                       Assistant United States Attorney
                                         Attorneys for Defendants
12

13  PURSUANT TO STIPULATION, IT IS SO ORDERED:

14

15       July 1, 2009
    DATED: ~~March __, 2009~~
16                                       _____
                                         The Honorable Elizabeth D. Laporte
17                                       United States Magistrate Judge

[Court seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA]
[Stamp: IT IS SO ORDERED / Judge Elizabeth D. Laporte]

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASES; [PROPOSED] ORDER
No. 07-2997 EDL                      -7-